DALLAS, Appellant,

v.

DOTSON, Appellee, et al.

[Cite as *Dallas v. Dotson* (1996), 113 Ohio App.3d 484.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006300.

Decided Aug. 14, 1996.

*James A. Deery,* for appellant.

*Kenneth M. Lieux,* for appellee.

SLABY, Judge.

This cause comes before the court upon the appeal of Jason R. Dallas from the judgment of the Lorain County Court of Common Pleas, Probate Division, denying his petition to adopt Cynthia Ellen Dotson, a minor child, without the consent of Kenneth Dotson ("Dotson"), Cynthia's natural father. We reverse the judgment of the trial court.

On October 4, 1994, Jason Dallas filed a stepparent petition to adopt Cynthia Ellen Dotson, who was born on October 29, 1989. Cynthia's natural parents are Elizabeth E. Dallas, wife of Jason Dallas, and Kenneth Dotson. Paternity was established by default judgment entry in July 1990 and the father, who was fourteen years old, was ordered to pay $20 per month in child support.

In October 1992, Dotson filed a motion to modify visitation. He brought his child support payments up to date and the court approved visitation with Cynthia on Thanksgiving 1992. The hearing on Dotson's motion for visitation was set for

January 1993, but he failed to appear. Dotson's last child support payment was also in January 1993. Elizabeth and Jason Dallas married in February 1993 and, a month later, Dotson withdrew his motion for visitation.

Since her birth, Cynthia has resided with her mother, who consented to her adoption at the time that the petition was filed. Dotson, the natural father, refused to consent to the adoption. Jason Dallas asserted in the petition that the natural father's consent was not necessary because he had failed, without justifiable cause, to communicate with Cynthia or to provide for her maintenance and support for a period of at least one year immediately preceding the filing of the adoption petition.

Following a hearing and rehearing before a magistrate, the court entered a judgment entry on December 1, 1995. Based on clear and convincing evidence, the court found that Dotson had not supported his daughter during the one year prior to the filing of the petition. Looking only at the one-year period, the court noted that the year consisted of two segments: a continuous five-month period during which Dotson was not incarcerated, and a seven-month period when he was incarcerated for armed robbery. The court determined that during the five-month period, Dotson failed to support his daughter without justifiable cause. The court then determined that it was "bound to find" that Dotson's incarceration was a justifiable cause for nonsupport during the remaining seven months of the one-year period. The court then found that Dotson had to consent to the adoption of Cynthia.

Jason Dallas appeals and asserts four assignments of error. Three of the assignments of error are interrelated and will be addressed together.

## ASSIGNMENT OF ERROR 1

"The trial court was in err [sic] in its interpretation of the holding of *In re Adoption of Schoeppner* (1976, 46 Ohio State 2d 21) when the court stated, 'This court is bound to find that Dotson's incarceration as justifiable cause for non-support.'"

## ASSIGNMENT OF ERROR 2

"The trial court erred when it determined that the consent of Kenneth Dotson was required before granting the petition when it found that Kenneth Dotson had failed without just cause to support his child for the first five months immediately preceding the filing of the petition, but that he was incarcerated for the next seven months therefore finding that Kenneth Dotson had justifiable cause for failure to support for the last seven month [sic] that his consent was required."

## ASSIGNMENT OF ERROR 4

"The trial court erred in ruling that Kenneth Dotson's failure to support his child and failure to communicate with his child was with just cause to the extent that it limited its review to a period of one year prior to the filing of the petition for adoption."

R.C. 3107.07(A) provides that a natural parent's consent to an adoption is not required where that parent has failed, without justifiable cause, to communicate with the child or to provide for the maintenance and support of the child as required by law for a period of at least one year prior to the filing of the adoption petition.

A petitioner for adoption bears the burden to prove by clear and convincing evidence that the natural parent has failed to support the child for the requisite one-year period and that this failure was without justifiable cause. *In re Adoption of Masa* (1986), 23 Ohio St.3d 163, 23 OBR 330, 492 N.E.2d 140, paragraph one of the syllabus. Once a petitioner has established by clear and convincing evidence that the natural parent has failed to support the child for the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for that failure. The burden of proof, however, remains with the petitioner. *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919 paragraph two of the syllabus.

Jason Dallas contends that the court erred when it stated that it was *required* to find that Dotson's incarceration was a justifiable cause for nonsupport. He also argues that the court incorrectly limited its review to one year. Finally, he asserts that if the trial court considers the fact of incarceration as just one factor and expands the period of its review, the trial court will find that Dotson's consent is not required for the petition for adoption.

The record indicates that Dotson did not support and maintain his daughter for the year preceding the filing of the petition for adoption. The sole issue before the trial court was whether Dotson had a justifiable cause for his nonsupport. During the hearings, Dotson advanced no evidence to justify his nonsupport for the first five months of the period. He was incarcerated for the remaining seven months.

To address the relationship between incarceration and failure to properly support a child, the trial court relied on *In re Adoption of Schoeppner* (1976), 46 Ohio St.2d 21, 75 O.O.2d 12, 345 N.E.2d 608. When the *Schoeppner* case was decided, the statute required the court to determine "willful" failure to support a child. *Id.* at 23, 75 O.O.2d at 13, 345 N.E.2d at 610. In the *Schoeppner* case, the Supreme Court of Ohio found that the fact of incarceration did not constitute a willful failure to support and maintain a child. *Id.* at syllabus. "The statute does

not specify imprisonment as an exception to the requirement of consent, nor does it equate imprisonment with the willful failure to properly support and maintain a child." *Id.* at 24, 75 O.O.2d at 13, 345 N.E.2d at 610. Nonetheless, the court did not hold that the fact of incarceration automatically justified nonsupport. Rather, the court found that the fact of imprisonment was one of several factors which the court should consider. *Id.* Consequently, in the present case, the trial court was not bound or required to find that Dotson's incarceration was a justifiable cause for nonsupport. Jason Dallas's first assignment of error is well taken.

■ Dallas also argues that the trial court unnecessarily limited its review to a period of one year. R.C. 3107.07(A) provides that a parent must fail to support a child "for a period of *at least* one year." (Emphasis added.) The record indicates that Dotson made his last support payment in January 1993. If the period of review had been expanded, the trial court might have considered that Dotson failed to support his daughter for thirteen months before he was incarcerated, rather than five months. Had the trial court considered Dotson's pattern of nonsupport as one of the factors, as well as the fact of incarceration, the trial court may not have found a justifiable cause for nonsupport. Jason Dallas's second and fourth assignments of error are well taken.

The remaining assignment of error concerning Dotson's failure to communicate with his daughter was not addressed in the trial court's judgment entry and need not be considered at this time. Because the trial court erroneously believed itself bound to find that incarceration was a justifiable cause for Dotson's nonsupport, and because the trial court unnecessarily limited itself to one year when considering Dotson's failure to support his child, the judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings in accordance with this decision.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and BAIRD, J., concur.