OPINION
Appellant Jason Frymier appeals the decision of the Licking County Court of Common Pleas, Probate Division, which granted Appellee Shawn Crampton's petition to adopt appellant's natural son, Kaine.[1] This matter is before the Court as an expedited adoption and parental rights appeal. The relevant facts leading to this appeal are as follows.
On January 25, 1999, appellant and Angela Frymier, nka Crampton, were divorced in Licking County. Kaine, dob November 11, 1992, was found to be born as issue of the marriage. Angela had filed her divorce complaint in September 1997. On the day the divorce papers were served, appellant proceeded to the residence of Terry Booher, Angela's father, in Newark, Ohio, where Angela and Kaine were present. During the resulting encounter, appellant shot Booher twice with a firearm. Appellant was charged with multiple felony offenses, including attempted aggravated murder. On January 13, 1998, he received sentences of ten years, nine years, and three years, all of which were ordered to run consecutively. Additionally, the aforementioned divorce decree, inter alia, prohibited contact between appellant and Kaine.
In May 1999, appellee and Angela were married. On October 11, 2001, appellee filed a petition to adopt Kaine. The matter was set for an evidentiary hearing on December 11, 2001. The trial court thereafter filed a judgment entry holding that appellant's consent to adoption was not required, pursuant to R.C. 3107.07(A), and granting a final decree of adoption.
Appellant timely appealed and herein raises the following three Assignments of Error:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT FAILED WITHOUT JUSTIFIABLE CAUSE TO PROVIDE SUPPORT FOR HIS MINOR CHILD DURING THE ONE-YEAR PERIOD PRIOR TO THE FILING OF THE PETITION FOR ADOPTION."
 "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT FAILED WITHOUT JUSTIFIABLE CAUSE TO COMMUNICATE WITH HIS MINOR CHILD DURING THE ONE-YEAR PERIOD PRIOR TO THE FILING OF THE PETITION FOR ADOPTION."
 "III. THE TRIAL COURT'S DETERMINATION THAT APPELLANT FAILED WITHOUT JUSTIFIABLE CAUSE TO COMMUNICATE WITH HIS MINOR CHILD DURING THE ONE-YEAR PERIOD PRIOR TO THE FILING OF THE PETITION FOR ADOPTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I
In his First Assignment of Error, appellant argues the trial court erred in finding that he failed to provide support for Kaine without justifiable cause for one year prior to the petition for adoption. We disagree.
R.C. 3107.07 reads in pertinent part as follows:
Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. * * *
Pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both that the natural parent has failed to support the child for the requisite one year period and that this failure was without justifiable cause. In Re Adoption ofBovett (1987), 33 Ohio St.3d 102, 515 N.E.2d 919, paragraph one of the syllabus. A probate court's determination under R.C. 3107.07(A) will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. In Re Adoption of Masa (1986), 23 Ohio St.3d 163,492 N.E.2d 140, paragraph two of the syllabus; Bovett at paragraph four of the syllabus. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279, 281, 376 N.E.2d 578.
The 1999 divorce decree addresses child support as follows:
 "It is ordered that the defendant, Jason Frymier, shall be obligated to pay in the amount of $50.00 per month, plus a 2% processing charge . . . Defendant is currently incarcerated in Orient Correctional Institute and is not currently employed, and therefore, his support shall accumulate as an arrearage and an appropriate liquidation order shall be established after defendant, Jason Frymier's release from prison."
Appellant argues, in light of the above language, "[h]e could reasonably assume that he need not make any child support payments until his prison sentence was completed." Appellant's Brief at 5. He cites Inthe Matter of Way (January 9, 2002), Washington App. No. 01CA23, 2002-Ohio-117, for the proposition that a court order relieving a parent's support obligation supersedes a general duty to support one's child. We are likewise cognizant that a parent's incarceration "is but one factor for a trial court to consider when determining whether the parent had justifiable cause in failing to provide maintenance and support for the child." In re Placement of Mitchell, (Trumbull App. No. 2002-T-0002, 2002-Ohio-1967, citing Dallas v. Dotson (1996),113 Ohio App.3d 484, 488, 681 N.E.2d 464; In re Adoption of Carter (Dec. 15, 1995), Gallia App. No. 95 CA 11, 1995 WL 756569, at 6.
We are thus herein presented with a situation in which a natural parent is not only incarcerated, but has as a potential shield a prior court order effectively relieving him of support payments until his release from prison. The crux of the issue before us is whether appellant "failed without justifiable cause" to provide support for Kaine. We acknowledge that the language of R.C. 3107.07(A) must be strictly construed to protect the interest of the non-consenting parent subject to forfeiture of his parental rights. In Re: Adoption of Sunderhaus (1992)63 Ohio St.3d 127, 585 N.E.2d 418. Matter of Adoption of DeLong 1997 WL 219232. However, justice requires that we not ignore the reason appellant was put into his current position. The record reflects that appellant forcibly entered Kaine's maternal grandfather's home in 1997, striking the grandfather with two gunshots. The first shot occurred while Kaine and his mother were in an adjoining room, forcing them to flee for safety upstairs. Kaine experienced nightmares as a result for approximately one year thereafter. Court's Exhibit A. Clearly, appellant's own violent acts directed at Kaine's family caused the subsequent lack of support for the child. We are thus not inclined to extend the rationale of Way to the specific circumstances of the case sub judice.
Furthermore, during incarceration at the Trumbull Correctional Institute, appellant secured an income-producing prison job which could have been utilized for support. According to appellant's mother:
 Q. What knowledge, if any, do you have as to whether or not he has a paying job at the correctional institute where he is placed?
 A. Yes. He has just got a good job where he can pay the 50-dollar-a-month child support.
Q. Do you know how much he earns?
 A. No. I am not really aware of how much he exactly earns.
 Q. Okay. And do you know what he does? What type of paying job is that?
 A. He is working — they are reconstructing computers. And he's also in the dog program where he trains dogs.
Tr. at 33.
Appellant's mother also testified that appellant had held a job in the printing room while incarcerated at Lucasville, where he had served out approximately one year of his sentence. Tr. at 34. Additionally, the court allowed into evidence a copy of a July 8, 2001 handwritten letter prepared by appellant (who was not present for the hearing), purportedly sent to the Ohio Child Support Payments Center, seeking information on what he needed to do "to have money send (sic) out" for child support. Respondent's Exhibit 4. Nonetheless, the record reveals no effort by appellant to actually forward payments to any CSEA or seek a modification of the domestic relations court order postponing support collection.
Under the specific facts and circumstances of this case, we conclude the trial court's finding that appellant failed without justifiable cause to support Kaine during the one year period preceding the filing of the adoption petition is not against the manifest weight of the evidence, as there is competent, credible evidence supporting the same.
Appellant's First Assignment of Error is overruled.
 II, III
In his Second and Third Assignments of Error, appellant challenges the trial court's findings regarding his failure to communicate with Kaine. However, the statutory language at issue does not require a petitioner to demonstrate both the natural parent's failure to support the child and to communicate with the minor child: the statute is to be read in the disjunctive. In re: Adoption of McDermitt (1980), 63 Ohio St.2d 301,304. Therefore, in light of our resolution of appellant's First Assignment of Error, we find these Assignments of Error to be moot.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Probate Division, Licking County, Ohio, is hereby affirmed.
By: WISE, J. GWIN, P.J., and FARMER, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, Licking County, Ohio, is affirmed.
Costs to appellant.
[1] On January 5, 2000, the Licking County Court of Common Pleas, Probate Division, granted an application to change Kaine's last name from "Frymier" to "Crampton."