OPINION
{¶ 1} This accelerated appeal arises from the Trumbull County Court of Common Pleas, Probate Division, wherein the court held that the consent of appellant, Marilyn Mitchell, was not required before Ciera Mitchell ("Ciera"), a minor child, could be adopted by appellees, Wayne J. and Patricia M. Rodgers.
 {¶ 2} Ciera was born on August 23, 1996. Appellant is the natural mother and appellees are the paternal great aunt and uncle. Appellees obtained legal custody of Ciera on December 28, 1998. Appellant was ordered to pay child support in the amount of $29 per child per month for each of her five children, including Ciera.
 {¶ 3} In May 1999, appellant was indicted for aggravated robbery with a firearm specification, a felony in the first degree. Appellant was incarcerated on the charge in July 1999. She subsequently pled guilty to the charge in November 1999. Appellant was sentenced to a term of three years imprisonment for the aggravated robbery conviction with an additional year, to be served consecutively, for the firearm specification.
 {¶ 4} Appellees filed an application for adoptive placement on September 18, 2000, pursuant to R.C. 5103.16. The trial court held that appellant waived her right to consent to the placement. Appellant then appealed to this court, where we affirmed the judgment of the trial court.[1] However, an application made pursuant to R.C. 5103.16 can only be made by the child's natural parents.[2] Thus, the trial court, and subsequently this court, was without jurisdiction to rule upon appellees' application for adoptive placement made pursuant to R.C. 5103.16. Therefore, with this opinion, we overrule our holding in that case.
 {¶ 5} Appellees subsequently filed a petition for adoption, pursuant to R.C. 3107, on May 9, 2002. In their petition, appellees alleged that appellant's consent to the proposed adoption was not required pursuant to R.C. 3107.07, because appellant failed, without justifiable cause, to provide for maintenance and support of Ciera for at least one year prior to the filing of the petition for adoption. Ciera's natural father, Jarred Mitchell, executed a written consent for adoption on May 9, 2002. Appellant filed objections to the adoption petition on July 24, 2002, arguing that her consent to the adoption was required.
 {¶ 6} R.C. 3107.07(A) reads as follows:
 {¶ 7} "Consent to adoption is not required of *** [a] parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 8} The matter came for a hearing on August 26, 2002. Due to her incarceration, appellant was unable to attend the hearing. However, her attorney was present and an affidavit executed by appellant was accepted into evidence by the trial court. Appellees were also present and represented by counsel. Appellee Patricia Rodgers testified at the hearing. A number of exhibits were received into evidence, including the order granting legal custody of Ciera to appellees and establishing a child support order against appellant; prison records accounting for monies received and spent by appellant while incarcerated; as well as records from the child support enforcement agency, which detailed any payments received by appellant on behalf of Ciera.
 {¶ 9} In a judgment entry dated November 4, 2002, the trial court held that appellant's consent to the adoption was not required. The trial court stated:
 {¶ 10} "The Court finds from the evidence presented that the natural mother is incarcerated and earns $20.00 per month. The Court further finds that the natural mother receives one hundred dollars ($100.00) per month from her mother, and on occasion up to forty dollars ($40.00) per month in additional funds from friends. The Court finds that in December 1998, the Trumbull County Juvenile Court ordered that the natural mother pay child support in the amount of twenty-nine dollars ($29.00) per month. The Court finds that the natural mother made one child support payment in 1999, and has failed to make any additional payments, even when she was employed and prior to her incarceration."
 {¶ 11} The trial court ultimately concluded that appellees established, by clear and convincing evidence, that appellant failed, without justifiable cause, to provide for maintenance and support for Ciera for a period of one year preceding appellees' filing of the adoption petition. The trial court ordered that appellant's consent was not necessary for the adoption to proceed and that a further hearing be scheduled to determine if the adoption was in the best interest of the child.
 {¶ 12} It is from this judgment entry that appellant appeals, citing a single assignment of error for our consideration:
 {¶ 13} "The trial court erred in deciding that the consent of the natural mother was not needed for the adoption to proceed because justifiable cause was not present for her failure to support and provide maintenance for the minor child."
 {¶ 14} Appellant contends that she only received twenty dollars per month in wages while incarcerated. She also argues that she received other money as gifts from her family and friends that should not be deemed "income," as defined in R.C. 3119.01(B)(7). Appellant also contends that any money she received while incarcerated was spent on items of necessity for herself.
 {¶ 15} When arguing that a natural parent's consent is not required pursuant to R.C. 3107.07, the petitioner for adoption bears the burden of proving, by clear and convincing evidence, that the natural parent has failed to provide for maintenance or support of the child for at least one year prior to the filing of the petition, and that his or her failure is without justifiable cause.[3] Once the petitioning party has established that the natural parent has failed to provide for maintenance or support, the burden then shifts to the natural parent to show "some facially justifiable cause for such failure."[4] However, the petitioning party maintains the ultimate burden of proof.[5]
 {¶ 16} At the petition hearing Appellee Patricia Rodgers testified that she and her husband had custody of Ciera for approximately four years and during that time they received only one child support payment from appellant. Appellee testified that the payment was the result of an income tax intercept. Appellee also testified that she received a hand-knitted hat and scarf for Ciera from appellant around Christmas 2000, along with a Christmas card for Ciera. Appellee also testified that appellant did send letters to them regarding Ciera. Appellees admitted into evidence records from the prison indicating that appellant received a twenty-dollar monthly income from working while incarcerated, as well as other money sent in from friends and family, which totaled approximately one-hundred forty dollars per month. The records show how the money was spent, including postage, crafts, and food items.
 {¶ 17} Appellant's affidavit, also admitted into evidence, stated the following:
 {¶ 18} "2. I only earn about $20.00 per month for the work that I do while I am incarcerated;
 {¶ 19} "3. I receive about $100.00 per month from my mother which is not consistent and every so often one of my friends will send me money that is never more than $40.00;
 {¶ 20} "4. I use this money to pay for all of my personal necessities such as personal hygiene products, clothes, food and the like; The penal institution does not provide any of these personal items except for meals; I am responsible and liable for the purchase of these items;
 {¶ 21} "5. I have on occasion sent clothing to my daughter for her support[.] This is done when I have some finances built up;
 {¶ 22} "6. I have not been able to maintain employment in the past because of my drug dependency;
 {¶ 23} "7. I have maintained contact with my daughter by cards and letters while I have been incarcerated;
 {¶ 24} "8. My other children have been brought to see me while I have been incarcerated but Ciera has not[.]"
 {¶ 25} A natural parent's incarceration is only one factor for the trial court to consider when determining whether the parent has had justifiable cause for failing to provide for maintenance and support of a child.[6]
 {¶ 26} This court has also held that "[t]he parent-child relationship is a constitutionally protected liberty interest."[7] We have also held that "R.C. 3107.07 must be strictly construed in favor of the rights of the natural parent."[8] Therefore, guided by these presumptions, for the reasons which follow, we find that appellees did not establish, by clear and convincing evidence, that appellant failed, without justifiable cause, to provide for maintenance and support for Ciera for one year prior to the adoption petition.
 {¶ 27} A review of the record clearly reveals that appellant did not fail to communicate with Ciera for the year prior to the filing of the adoption petition. Appellant sent cards, letters, and clothing to the child. The Seventh Appellate District has inferred that if children receive cards sent to them by their parents, it is sufficient communication under R.C. 3107.07.[9] Appellant also noted that Ciera was never brought to see her while she was incarcerated although her other children were. Thus, appellant did demonstrate a desire to communicate with her daughter while incarcerated.
 {¶ 28} Regarding the issue of child support, there is a significant distinction between the duty to provide support in general and the duty to provide support under R.C. 3107.07. This court has noted that the notion of support is construed liberally when determining the consent to adoption issue.[10] The Second Appellate District has held that, where an incarcerated father's income was meager, the father's failure to provide support for his son was with justifiable cause.[11]
 {¶ 29} In the instant case, the record from the prison admitted into evidence at the hearing indicates that appellant received a total of twenty dollars per month as income while incarcerated. The record also reveals various money orders sent to appellant and deposited in her account. Those money orders add up to approximately one hundred forty dollars per month. This amount of money received by appellant varied from month to month. The report also listed appellant's expenditures. Those expenditures include toiletries, snacks, and other nonessential items. As in McMillion, we find that appellant's expenditures of minimal amounts on nonessential items while incarcerated does not necessitate a finding that appellant failed to support Ciera. There simply were too little funds from which to pay financial support. Appellant has four other children to which she also owes support. Her meager monthly income was not adequate to pay for each support order.
 {¶ 30} Moreover, appellant is scheduled for release from prison in late 2003, and Ciera is still a young child. As a result, the potential for a meaningful parent-child relationship exists. Therefore, based on the foregoing analysis, we hold that appellant's consent is required pursuant to R.C. 3707.07, and appellant should be permitted to be a party to the adoption proceeding.
 {¶ 31} The Supreme Court of Ohio has been guided by the sentiment that the permanent "termination of parental rights *** [is] `the family law equivalent of the death penalty in a criminal case.'"[12]
Therefore, natural parents "must be afforded every procedural and substantive protection the law allows."[13]
 {¶ 32} Thus, with these principles in mind, we conclude that appellant's failure to provide support for her daughter was with justifiable cause.
 {¶ 33} Appellant's assignment of error is well taken. The judgment of the trial court is reversed, and the matter is remanded for proceedings consistent with this opinion.
DONALD R. FORD, P.J., and ROBERT A. NADER, J., retired, of the Eleventh Appellate District, sitting by assignment, concur.
[1] See In re Placement of Mitchell (Apr. 19, 2002), 11th Dist. No. 2002-T-0002, 2002 Ohio App. LEXIS 1915.
[2] See R.C. 5103.16(D); Adoption of a Child by Michael S. (Nov. 6, 1998), 6th Dist. No. H-98-009, 1998 WL 769788, at *3.
[3] In re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus.
[4] Id. at paragraph two of the syllabus.
[5] Id.
[6] Dallas v. Dotson (1996), 113 Ohio App.3d 484, 488.
[7] In re Adoption of Sartain (Mar. 22, 2002), 11th Dist. No. 2001-L-197, 2002 Ohio App. LEXIS 1344, at *12.
[8] Id. at *12, citing In re Adoption of Dea (Mar. 25, 1994), 11th Dist. No. 92-L-120, 1994 Ohio App. LEXIS 1318, at *6.
[9] In re Wilson (Feb. 13, 1995), 7th Dist. No. 93-J-12, 1995 Ohio App. LEXIS 572.
[10] Dea, at *10.
[11] In re Adoption of McMillion (Dec. 31, 1991), 2d Dist. No. 91-CA-14, 1991 Ohio App. LEXIS 6492.
[12] In re Hayes (1997), 79 Ohio St.3d 46, 48, quoting In re Smith
(1991), 77 Ohio App.3d 1, 16; See also, In re Hoffman, 2002-Ohio-5368,97 Ohio St.3d 92, at ¶ 14.
[13] In re Smith, at 16.