DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the February 12, 2003 judgment of the Lucas County Court of Common Pleas, Probate Division, which found that the consent of Zachary S.'s natural mother, appellee Heather S., was required in the adoption proceedings initiated by the child's stepmother, appellant Cynthia S.
 {¶ 2} Zachary S. was born on October 7, 1998. In June 1999, Zachary's biological father, Steve S. was awarded legal custody. On October 11, 2002, Zachary's stepmother, appellant Cynthia S., filed a petition for the adoption of Zachary. Steve S. consented to the adoption. The petition alleged that appellee's consent was not required because she had failed without justifiable cause to support her child for a period of at least one year.
 {¶ 3} On January 30, 2003, a hearing was held to determine whether appellee had waived her right to withhold consent to the adoption. Appellant testified that the last child support payment she and her husband received from appellee was in April 2001. She also stated that Zachary has been in their custody and care since March 1999.
 {¶ 4} Steve S. testified next. Steve testified that in September or October 2001, appellee worked for a temporary agency and had several jobs which she quit. He stated that in October or November 2001, appellee worked at Diamonds Gentleman's Club and quit that job as well. Steve testified that he never told appellee to stop paying child support.
 {¶ 5} During cross-examination, Steve testified that during the period from October 2001 to October 2002, he gave appellee money, made her car payments and provided her with clothing. Steve testified that appellee threatened to prostitute herself for drugs if he did not give her money.
 {¶ 6} Steve stated that, like appellee, he has a history of drug addiction and has been sober since 1991. Steve admitted that providing appellee money, which he assumed was being used to purchase drugs, was not the best means of helping her become sober.
 {¶ 7} During appellee's testimony, she agreed that she had made no child support payments since October 2001, the start of the one year statutory period. Appellee testified that she lived with her parents during the periods that she was not incarcerated. Appellee stated that she did not contribute to her parents' household expenses.
 {¶ 8} Appellee testified that she began abusing drugs at the age of 15. Appellee testified that drugs had controlled her life; she was physically ill without them. She testified that she was arrested for possession of heroin and theft. Appellee stated that, during the October 2001 to October 2002 statutory period, she was incarcerated from February 23, 2002 until April 11, 2002; from May 9, 2002 until May 14, 2002; and from May 29, 2002 until December 18, 2002. Appellee stated that she was using drugs up until May 29, 2002, and has been sober since that date.
 {¶ 9} Regarding her employment, appellee stated that she did work at Diamonds Gentleman's Club for a few days during the statutory period but had no other employment. Appellee testified that, in the past, when she was employed she paid child support.
 {¶ 10} Appellee testified that Steve purchased a car for her, paid for the gas for her car, bought her clothes, food, and cigarettes. Appellee also testified that Steve gave her money to buy drugs and actually bought her crack cocaine. During rebuttal, Steve denied providing appellee with drugs, Steve testified that he only provided appellee with money.
 {¶ 11} On February 12, 2002, the trial court dismissed appellant's petition for adoption finding that appellant failed to prove that appellee's failure to support Zachary was without justification. This appeal followed.
 {¶ 12} Appellant now raises the following assignment of error:
 {¶ 13} "The trial court committed error in finding that the petitioner had failed to prove that the birth mother's failure to support was without justification."
 {¶ 14} Pursuant to R.C. 3107.07(A), a natural mother's consent to the adoption of her natural child is not necessary where:
 {¶ 15} "[T]he parent had failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 16} The petitioner bears the burden of proving failure to support by clear and convincing evidence. In re Adoption of Bovett
(1987), 33 Ohio St.3d 102, paragraph one of the syllabus. Thereafter, the natural parent assumes the burden of proving some facially justifiable cause for his or her failure to support, though the ultimate burden still remains with the petitioner. Id. at paragraphs one and two of the syllabus. On appeal, the probate court's determination as to whether the natural parent's failure to support was justified will be reversed only if it is contrary to the manifest weight of the evidence. Id. at paragraph four of the syllabus, following In re Adoption of Masa (1986),23 Ohio St.3d 163, paragraph two of the syllabus.
 {¶ 17} Appellant argues that appellee's incarceration of approximately six months was not sufficient to justify nonsupport and that her drug addiction did not relieve her of the responsibility to support her child. Appellant contends that appellee had the ability to work and simply chose not to.[1]
 {¶ 18} Appellant correctly cites Dallas v. Dotson (1996),113 Ohio App.3d 484, for the proposition that incarceration for less than the entire statutory period of non-support is only a factor the court may consider in looking at the entire period. Appellant also cites In reAdoption of Lassiter (1995), 101 Ohio App.3d 367, which states that drug addiction alone is not a justifiable cause for failure to support.
 {¶ 19} We do note that, as in Dallas, appellee was incarcerated for less than the one year statutory period. However, in Dallas, the natural father advanced no evidence to justify his non-support for the months preceding his incarceration. Dallas at 487. Similarly, in Lassiter, the obligated parent offered no basis other than drug addiction for his failure to pay support. Lassiter at 378. The Lassiter court noted that the parent had held four or five jobs since the birth of his son and that his drug usage had been intermittent. Id. at 379. Further, the parent testified that he had a job as a security guard for six months prior to the hearing. Id.
 {¶ 20} In the present case, unlike Dallas and Lassiter, the trial court had multiple factors to consider in determining whether appellee's failure to pay was justified. Appellee was incarcerated for over six months of the statutory period. Appellee did not have any meaningful employment during the period; any money she received was from the natural father. Finally, during the periods when appellee was not incarcerated she was continuously using drugs. Based upon these particular facts, and mindful of the serious nature of the termination of parental rights, this court cannot find that the trial court's determination was contrary to the manifest weight of the evidence. Accordingly, appellant's assignment of error is found not well-taken.
 {¶ 21} On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed.[2] Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
[1] Appellee did not file an answer brief.
[2] In another case decided this week, In the Matter of the Adoption ofDevin Scott S., 6th Dist. No. L-03-1067, parental consent based on support was also an issue and is factually distinguishable.