DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Court of Common Pleas, Probate Division judgment finding that the consent of James P. Stephenson, Appellee herein, was required for the adoption of his minor son by David F. Caudill, Appellant herein. Appellant argues that the trial court misapplied the law and entered a judgment that is against the manifest weight of the evidence. We find that the trial court erred when it found that Appellee justifiably failed to maintain and support the minor child for a one-year period. Accordingly, we reverse the judgment and remand this cause for further proceedings consistent with this opinion.
 {¶ 2} Appellant assigns the following assignments of error:
 {¶ 3} I. "The trial court erred as a matter of law when it failed to properly apply the ohio supreme court's decision in Inre adoption of holcomb to this case."
 {¶ 4} II. "The trial court erred when it held that the absence of maintenance and support of the child for one year prior to the filing of the petition for adoption was justifiable and that the consent of James P. Stephenson was, therefore, required."
 {¶ 5} III. "The trial court erred when it held that the absence of communication with the child for one year prior to the filing of the petition for adoption was justifiable and that the consent of James P. Stephenson was, therefore, required."
 {¶ 6} Jessica Caudill, the minor child's mother, and Appellant both worked at Fairfield Medical Center and became romantically involved in 2001. On December 3, 2002, Mrs. Caudill gave birth to Braydon Caudill.[1] At that time, she lived with Appellee. In early March 2003, Mrs. Caudill ended her relationship with Appellee and moved with her child to her mother's home in Wellston, Ohio. She resided in that home until June 2003, when she moved in with Appellant. Appellant and Mrs. Caudill married in August 2003. On April 5, 2004, Appellant filed a petition to adopt the minor child. Mrs. Caudill consented to the adoption.
 {¶ 7} On August 25, 2004, the trial court held an evidentiary hearing to determine if Appellee's consent was required for the adoption. At that hearing, Appellee testified that he last saw his son in March 2003, and admitted that he had not initiated contact with the child since then. He also testified that the only maintenance and support he provided the child after March 2003 was to add his son to his health insurance, but admitted that he failed to provide the mother with a health insurance card.
 {¶ 8} Appellee testified that Mrs. Caudill did not interfere with any attempt to visit or support the child. He simply did not attempt communication or support because he felt it was inappropriate because of his contentious relationship with the mother. Appellee testified that the child's maternal grandmother threatened, when he first visited the child in March 2003, to procure a restraining order and that he failed to initiate contact, in part, due to this threat. However, he did admit that he visited the child at the maternal grandmother's home two other times in March 2003, after, and in spite of, the threat. Appellee testified that he also did not initiate communication with the child because the mother asked him to sign over his paternal rights in April 2003 and did not provide maintenance and support because the mother informed him, in May 2003, that the child did not need his support. Appellee asserted that he felt it was best to procure a court order for visitation and support, rather than personally initiate such contact. On August 20, 2003, he filed a complaint in the Fairfield County Common Pleas Court to determine parentage and procure parenting orders.
 {¶ 9} Mrs. Caudill testified that she left Appellee's home because she felt it was an unsafe environment for her child. She admitted that Appellee visited the child three times in March 2003 and that she permitted him contact with the child each time. She also asserted that Appellee has not attempted to communicate or support the child since then and that she has not acted to interfere with any attempted communication or support. She denied any knowledge that Appellee added the child to his health insurance and testified that she never received an insurance card. Mrs. Caudill advised the court that Appellee had her cellular phone number, which she kept active until January 2004. She admitted that he contacted her through this phone number only for personal conversations and not to initiate communication with the child or to offer maintenance and support for the child.
 {¶ 10} Mrs. Caudill admitted that she asked Appellee to sign over his parental rights in April 2003, when he was hospitalized for a self-inflicted gun-shot wound. She testified that she requested him to sign over his rights, but told him he could visit the minor child at her mother's home. However, she advised Appellee that he could not take the child out of the home because she felt it was unsafe. Over Memorial Day weekend, Mrs. Caudill called Appellee to ask for the minor child's social security number. She testified that Appellee refused to give her the identification number, told her he would never give her the number, and threatened to physically injure her and take the minor child from her. During the phone conversation, she told him that the minor child now had a new father, referring to Appellant, and that she did not need his financial support. She filed a police report, but took no further action.
 {¶ 11} The trial court ruled that Appellee failed to communicate or maintain and support the child for a one-year period, but found such failure justifiable. The trial court found that it was reasonable for the father not to engage in "unproductive or blocked communication with a very young child." The trial court also noted that the Fairfield County Domestic Relations Court delayed Appellee's complaint for parenting orders until this case was resolved and reasoned that the trial court should not sever Appellee's parental rights due to that court's failure to issue temporary support or visitation orders. The trial court further found that Appellee clearly wanted a relationship with his son and was prepared to become financially responsible for, and visit with, the child.
 {¶ 12} Because we find Appellant's second assignment of error dispositive, we address it first. In his second assignment of error, Appellant argues that the trial court erred when it found that Appellee had justifiable cause for his failure to provide maintenance and support for the minor child.
 {¶ 13} Unless the judgment is against the manifest weight of the evidence, we cannot reject a finding that a natural parent's consent is necessary for adoption. In re Adoption of Bovett
(1987), 33 Ohio St.3d 102, paragraph four of the syllabus; In reAdoption of Masa (1986), 23 Ohio St.3d 163, paragraph two of the syllabus. A judgment is against the manifest weight of the evidence if some competent, credible evidence in the record does not support it. Shemo v. Mayfield Hts., 88 Ohio St.3d 7,2000-Ohio-258; Vogel v. Wells (1991), 57 Ohio St.3d 91; C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. We apply this highly deferential standard of review because the trial court, as the trier of fact, is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and to use those observations in weighing the credibility of the proffered testimony. Myers v.Garson, 66 Ohio St.3d 610, 615, 1993-Ohio-9; Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 14} Parents have a fundamental liberty interest in the care, custody, and management of their children and a basic civil right to raise their children. Troxel v. Granville (2000),530 U.S. 57, 65; Santosky v. Kramer (1982), 455 U.S. 745, 753; Inre Hayes (1997), 79 Ohio St.3d 46, 48; In re Murray (1990),52 Ohio St.3d 155, 157. Because adoption terminates these rights, Ohio law forbids adoption without the natural parents' consent unless a specific statutory exemption applies. R.C. 3107.06(A);McGinty v. Jewish Children's Bur. (1989), 46 Ohio St.3d 159.
 {¶ 15} R.C. 3107.07(A) provides an exemption to the general parental consent requirement. It states: "A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or placement of the child in the home of the petitioner."
 {¶ 16} In the case sub judice, the relevant one-year period is April 5, 2003 through April 5, 2004. Neither party challenges the trial court's finding that Appellee failed to communicate or maintain and support the minor child during the relevant period. Therefore, we limit our analysis to whether the trial court's finding that Appellee's failure to maintain and support the minor child was justifiable.
 {¶ 17} In Masa (1986), supra, the Ohio Supreme Court held that R.C. 3107.07(A) authorizes adoption without a natural parent's consent if that parent failed, without justifiable cause, to maintain and support the child for at least one year. Id. at paragraph one of the syllabus. The Court ruled that "[t]he question of whether justifiable cause for failure to support the child has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." Id. at paragraph two of the syllabus.
 {¶ 18} The petitioner has the burden of proving, by clear and convincing evidence that (1) the natural parent failed to maintain and support the child for the requisite one-year period and (2) that this failure was without justifiable cause.Bovett, supra, at paragraph one of the syllabus. Once the petitioner establishes that the natural parent failed to maintain and support the child for at least one year, the burden of going forward with the evidence to show a facially justifiable cause for the failure shifts to the natural parent. Id. at paragraph two of the syllabus. However, the overall burden of proof remains with the petitioner. In re Adoption of Gibson (1986),23 Ohio St.3d 170, 172. Once the natural parent shows a facially justifiable cause for failing to maintain and support the child, the petitioner must show, by clear and convincing evidence, that the justification is illusory. In re Adoption of Kessler
(1993), 87 Ohio App.3d 317, 323.
 {¶ 19} In the case sub judice, Appellant met his initial burden of proof and showed that Appellee failed to maintain and support the child for at least one year. Appellee then had the burden of going forward with evidence showing a facially justifiable reason for failure to provide maintenance and support. At the evidentiary hearing, Appellee testified that his sole attempt at maintenance and support was to add the minor child to his health insurance, but that he never gave a health insurance card to the mother.[2] Appellee claimed that he thought it best to procure a court order for support, but admitted that he knew he could provide maintenance and support without a court order. When asked why he did not provide maintenance and support without a court order, Appellee answered "I don't know." Appellee also admitted that he was employed full-time, as a registered nurse, throughout the requisite period.[3]
 {¶ 20} We acknowledge that exceptions to the requirement of parental consent to adoption must be strictly construed to protect the rights of the natural parents. Masa, supra, at 142. Nonetheless, we find that Appellee failed to show a facially justifiable cause for not providing maintenance and support during the requisite one-year period.
 {¶ 21} In Masa, the Ohio Supreme Court noted the factual difference between a parent who can provide maintenance and support but chooses not to, and a parent who cannot afford to provide maintenance and support. Id. at 143. Here, the evidence showed that Appellee was employed, with a sufficient salary, but failed to provide maintenance or support. Appellee did not proffer any evidence that providing support would constitute a hardship for him.
 {¶ 22} At the evidentiary hearing, Appellee argued that he failed to communicate with the minor child because of the contentious relationship with the mother. Appellee asserted that he believed it was best to wait until he obtained a court order for visitation. Appellee asserted this same reasoning to his failure to provide maintenance and support, arguing that the mother told him, during an intense argument, that she did not need him to provide maintenance and support. However, Appellee expressly acknowledged that he was aware that he could send maintenance and support without a court order, and did not know why he failed to do so. Appellee also admitted that the mother did not prevent him from providing maintenance and support.
 {¶ 23} The trial court ruled that Appellee showed justifiable cause for not providing maintenance and support because he filed a complaint in the Fairfield County Domestic Relations Court seeking parenting orders. The trial court found that it would be unjust to sever his parental rights when the Domestic Relations Court failed to issue temporary support orders with which he could comply. We find that the trial court erred because the lack of a support order does not constitute justifiable cause for failure to provide maintenance and support.
 {¶ 24} A temporary or permanent support order is not required for a parent to provide maintenance and support for a minor child. At the evidentiary hearing, Appellee admitted that he understood that a support order was not required to provide maintenance and support for the minor child. Appellee also acknowledged that he was aware he could send money to the mother without such an order and that he failed to do so without reason. Appellee then argued that he failed to provide maintenance and support because the mother told him, during an argument, that she did not need money to support the child. This argument occurred sometime between May 23 and May 26, 2003. The mother had left Appellee's home with the child in March 2003 and Appellee provided no support for the minor child during March or April 2003 and provided no reason at trial for this failure.[4]
We also find very compelling that Appellee never attempted to mail money or in-kind contributions to the mother for the child[5] and admitted that the mother never interfered with any attempt to do so.
 {¶ 25} Filing a complaint seeking orders for support is simply not sufficient to establish a justifiable cause for a failure of maintenance and support. Appellee was financially able to provide support, knew the mother's phone number, and had an address to send money or in-kind contributions but failed to do so.[6] Without showing that the mother spurned actual offers of support, Appellee cannot show a facially justifiable cause for failing to provide for the minor child, whether that be with money or in-kind contributions. Appellee had the means to support the child and failed to do so. For the trial court to rule that filing the complaint, alone, provided justifiable cause is wholly against the manifest weight of the evidence. It fails to take into consideration Appellee's failure to initiate maintenance and support before or after the argument in May and his admission that he knew he could provide support without a court order and that the mother did not interfere with his attempts to do so. Accordingly, we sustain Appellant's second assignment of error.
 {¶ 26} Because our resolution of Appellant's second assignment of error renders the remaining assignments of error moot, we decline to address them. See App.R. 12(A)(1)(c). Accordingly, we reverse the judgment and remand this cause for further proceedings consistent with this opinion.
Judgment reversed and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion. Harsha, J.: Dissents.
[1] From the record, it appears that the minor child's name at birth was Braydon Stephenson.
[2] In In re Adoption of McNutt (1999), 134 Ohio App.3d 822, we ruled that "[c]ontributions which are of no value to the child generally do not qualify as maintenance and support." Id. at 830. We held that placing a child on health insurance, but failing to disclose that coverage to the custodial parent does not constitute maintenance and support. Id. at 830, citing In reAdoption of Knight (1994), 97 Ohio App.3d 670, 672; In reAdoption of Strawser (1987), 36 Ohio App.3d 670, 672. Here, the mother argued that Appellee never informed her of the minor child's coverage through his health insurance. The trial court ruled that no evidence showed that Appellee advised the mother of the coverage and that he failed to provide an insurance card to the mother.
[3] In 2002, Appellee earned $43,637.03. In 2003, Appellee earned $43,969. In 2004, Appellee's hourly rate was approximately $23.59, with the potential extra earnings through shift differential.
[4] We note that March 2003 falls outside the relevant one-year period, but feel that Appellee's failure to provide support for almost three months before is relevant to his argument that he did not provide support only because of the mother's statements in late May 2003.
[5] We note that our reasoning would be different if Appellee had offered maintenance and support either in person, or through the mails or other means, and the mother refused the offer.
[6] We note Appellee only knew the mother's address when she resided with her mother in Wellston, Ohio and that the mother apparently did not provide him with a new address when she moved. However, her mother continued to reside in the address Appellee knew and did not attempt to send maintenance and support through that address. Also, there was no testimony that the mother's new address was unpublished and, thus, inaccessible.