DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Probate Division, finding that appellant's consent was not required in this adoption proceeding due to his failure without justifiable cause either to communicate with his minor son or to provide maintenance and support for the child for a period of at least one *Page 2 
year immediately preceding the filing of the adoption petition. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth the following assignments of error:
 {¶ 3} "I. The trial court erred in finding that petitioner provided, by clear and convincing evidence, that the birth father, Andrew [J.], failed to support his child for one year prior to the filing of petition for adoption without justifiable cause.
 {¶ 4} "II. The trial court erred in finding that petitioner proved, by clear and convincing evidence, that the birth father, Andrew [J.], failed to communicate with his child for one year prior to the filing of petition for adoption without justifiable cause."
 {¶ 5} The facts relevant to the issues raised on appeal are as follows. A child was born in 1999 to appellant and April J. The parents married seven months after the birth but were divorced in December 2001. Mother received custody of the child. The record reflects that appellant did not request any visitation and companionship with his son at the time of the divorce or at any time thereafter. The only action appellant initiated in the trial court with regard to his son appears to be a motion for a reduction of child support filed in July 2003. In June 2004, Mother sought and obtained a domestic violence civil protection order against appellant, effective until June 18, 2006. The child was not named as a protected party. In July 2005, appellant was convicted of robbery and sentenced to prison. In May 2006, mother married appellee Anthony W., who filed a petition for the adoption of the child pursuant to R.C. 3107.05 on November 11, 2006. *Page 3 
 {¶ 6} Appellant filed an objection to the petition for adoption and, although still incarcerated, appeared at the May 3, 2007 hearing on the petition. The trial court heard the testimony of appellant, mother, appellee, and the child's maternal grandmother. At the conclusion of the hearing, the trial court found that appellant's consent was not required for the adoption and set the matter for further hearing to determine whether finalization of the adoption would be in the child's best interest. That hearing was continued pending this appeal.
 {¶ 7} Appellant does not dispute the claims that he failed to contact his son or provide support for the child in the year immediately preceding the filing of the petition. Rather, he argues that his failure in both regards was justified.
 {¶ 8} R.C. 3107.07(A) provides that a birth parent's consent to the adoption of a minor child is not necessary where the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the child as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the petition for adoption or placement of the minor in the home of the petitioner.
 {¶ 9} Ohio courts have held that the petitioner has the burden of proving by clear and convincing evidence that the natural parent failed to communicate with the child or failed to provide support for the statutory one-year period, and that there was no justifiable cause for the failure. See In re Adoption of Gibson (1986), 23 Ohio St.3d 170, 171
(failure to communicate); In re Adoption of Holcomb (1985),18 Ohio St.3d 361, 367 *Page 4 
(failure to support). The Holcomb court stressed that the probate court is in the best position to observe the demeanor of the parties as well as assess their credibility and the accuracy of their testimony. Id. at 367.
 {¶ 10} In his first assignment of error, appellant asserts that his failure to provide support was justified because he was incarcerated during the entire statutory period. Mother testified at the consent hearing that appellant had not sent any money to his son since he was incarcerated. Appellant does not contest that testimony.
 {¶ 11} Appellant's sole argument in his defense is that he has been incarcerated and has no money to send for his son's support. Appellant claims that he earns approximately $18 each month in prison and has to use that money to buy personal items. Appellant testified, however, that he uses some of his earnings to purchase coffee and tobacco. InDallas v. Dotson (1996), 113 Ohio App.3d 484, 488, the Ninth District held that a parent's incarceration does not automatically justify failure to support. Further, this court concurs with the Eleventh District, which found that evidence that a parent spent a portion of her income on non-essential items such as donuts and art supplies during her incarceration, and failed to make any of the court-ordered support payments, was sufficient to support the trial court's finding that appellant's failure to support her child was without justifiable cause.In the Matter of the Placement of Ciera Mitchell, A Minor Child, 11th Dist. No. 2002-T-0002, 2002-Ohio-1967.
 {¶ 12} Upon consideration of the foregoing, we find that appellee presented clear and convincing evidence that appellant's failure to provide for his son's support in the *Page 5 
year immediately preceding the filing of the petition for adoption was without justification. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 13} In his second assignment of error, appellant asserts the trial court erred by finding that his failure to communicate with his son in the year preceding the filing of the petition was without justification.
 {¶ 14} The record reflects that appellant was incarcerated for the statutory period of 12 months immediately preceding the November 11, 2006 filing of appellee's petition to adopt. In Holcomb, supra, the Ohio Supreme Court noted that the party petitioning for adoption has the burden of proving by clear and convincing evidence that the non-consenting parent failed to communicate with the child and that there was no justifiable cause for the failure. Holcomb at 368.
 {¶ 15} First, appellant claims that he was prohibited from contacting his son by a civil protection order. The record contains a copy of the order, which refers to mother as the protected party; the child is not mentioned. Further, the protection order expired in June 2006, approximately six months before the adoption petition was filed; even if appellant actually believed the order prevented him from contacting his son, its expiration would have permitted nearly six months of communication during the crucial statutory period leading up to the filing of the petition. Appellant made no attempt to contact his son during that time.
 {¶ 16} Although the burden of proof as to this issue was not appellant's, he chose to testify at the consent hearing. When questioned as to why he did not attempt to *Page 6 
communicate with his son, appellant's testimony amounted to nothing more than a series of vague excuses for his failure. Mother testified that she received two letters from appellant during October 2006. The letters, admitted into evidence, contain no mention of the child whatsoever or any indication that appellant would like to establish a relationship with his son. Appellant explained these glaring omissions by claiming that his focus was on "making amends" with his former wife. He testified he "* * * kind of figured she would understand automatically in her heart that I love my son, that goes without saying * * *" and thought it "appropriate" at that time not to mention his son. When asked if he had sent his son any cards since being taken into in custody, appellant responded that he knows mother would not give them to him so he "doesn't bother." Appellant could not recall when he had ever talked to mother about visitation with his son, and thought that the last time he visited his son "may have been in `05" or possibly 2004.
 {¶ 17} Based on the foregoing, we find that the trial court had before it clear and convincing evidence that appellant's failure to communicate with his son for the year immediately preceding the filing of the adoption petition was not justifiable. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 18} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal *Page 7 
pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1