DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant, Robert Vasquez, appeals from an order of the Medina County Court of Common Pleas, Probate Division, finding that his consent to the adoption of his two minor children, A.M.W., born September 1, 1997, and R.A.W., born September 5, 1999, by James Alan Weil was not necessary. This Court affirms. *Page 2 
 I {¶ 2} In the first appeal of this matter, this Court detailed the facts relevant to this matter. See In re A.M.W., 9th Dist. Nos. 06CA0078-M, 06CA0079-M, 2007-Ohio-682. For convenience, we restate those facts herein.
 {¶ 3} Robert Vasquez ("Father") and Karra Elizabeth Weil ("Mother") were married in 1996, and the above-named children were born during their marriage. In August 2000, Father was charged and convicted of kidnapping and rape. In November 2000, Father was sentenced to serve a term of ten years to life in prison. Mother initiated proceedings to end their marriage, and a divorce was ultimately granted in 2002.
 {¶ 4} In August 2003, Mother married James Weil, and on February 21, 2006, Weil filed a petition seeking to adopt A.M.W. and R.A.W. Through his petition, Weil asserted that Father's consent was not required because Father had failed without justifiable cause to provide for the support and maintenance of the children for at least one year. Mother consented to the adoption, but Father objected.
 {¶ 5} The matter was heard upon the issue of the necessity of Father to consent to the adoptions. At the conclusion of the hearing, the trial court found that Father's consent was not required. Father appealed, and this Court reversed on the basis that the trial court utilized the incorrect burden of proof. Id. at ¶ 13. Following remand, the parties agreed that the trial court should issue its decision *Page 3 
on the previously heard evidence. On June 4, 2007, the trial court again determined that Father's consent to the adoption was not necessary. Father timely appealed the trial court's judgment, raising two assignments of error for review.
 II Assignment of Error Number One "THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT APPELLANT ROBERT VASQUEZ FAILED WITHOUT JUSTIFIABLE CAUSE TO PROVIDE MAINTENANCE AND SUPPORT TO HIS MINOR CHILDREN DURING THE ONE YEAR PERIOD PRIOR TO THE FILING OF THE PETITION FOR ADOPTION."
 Assignment of Error Number Two "THE TRIAL COURT'S FINDING THAT APPELLANT ROBERT VASQUEZ FAILED WITHOUT JUSTIFIABLE CAUSE TO PROVIDE SUPPORT AND MAINTENANCE TO HIS MINOR CHILDREN DURING THE ONE YEAR PERIOD PRIOR TO THE FILING OF THE PETITION FOR ADOPTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} In both of his assignments of error, Father asserts that the trial court erred when it determined that his consent was not necessary for the adoption. This Court disagrees.
 {¶ 7} Generally, a parent must give consent before a minor child may be adopted. See R.C. 3107.06. However, R.C. 3107.07(A) provides that consent is not required if:
 "the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year *Page 4 
immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
The Ohio Supreme Court has held that R.C. 3107.07 places on the petitioner for adoption the burden of proving not only his allegations of failure to support, but also his allegations of the lack of justifiable cause. See In re Adoption of Masa (1986), 23 Ohio St.3d 163,166, fn.2.
 {¶ 8} In a subsequent adoption case, the Ohio Supreme Court reaffirmed this allocation of the burden of proof:
 "Pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause.
 "Once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence shifts to the natural parent to show some facially justifiable cause for such failure. The burden of proof, however, remains with the petitioner." (Internal citations omitted.) In re Adoption of Bovett (1987), 33 Ohio St.3d 102, paragraphs one and two of the syllabus.
 {¶ 9} Thus, in the present case, Weil was obligated to prove, by clear and convincing evidence, that Father failed to provide support for his children during the requisite one-year period and also that such failure was without justifiable cause. Id. at paragraph one of the syllabus. Once Weil established that Father failed to support the children for at least one year, the burden of going forward with the evidence shifted to Father to show "some facially justifiable cause" Id. at *Page 5 
paragraph two of the syllabus. The ultimate burden of demonstrating that the failure of support was without justifiable cause, however, remained with Weil. Id.
 {¶ 10} The Ohio Supreme Court has also explained this Court's standard of review in adoption proceedings.
 "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof. The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence." In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368.
"The question of whether justifiable cause has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." In reAdoption of Masa, 23 Ohio St.3d at 166, citing In re Adoption ofMcDermitt (1980), 63 Ohio St.2d 301, 306. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 280.
 {¶ 11} On appeal, Father has abandoned his argument that he provided support during the one year period prior to Weil's petition for adoption. Consequently, the sole issue before this Court is whether the trial court erred in finding that Father's nonpayment of support was not justifiable. *Page 6 
 {¶ 12} In support of his argument, Father testified on his own behalf Father admitted that prior to the petition's filing, he had made one attempt to pay child support. In 2002, Father had sent a check for $5.03 to Mother. Thereafter, Father made no further support payments until the petition was filed almost four years later. During his testimony, Father indicated that he earns $17 a month in exchange for services performed for the prison in which he is held. Father's support obligation is $51 per month. Father also admitted that he had received $40 to $55 per month from his sister to pay legal expenses in the eighteen months prior to the petition having been filed. As such, Father received money totaling $57 to $72 per month in the year preceding the petition.
 {¶ 13} While ultimately distinguishable, we find In re Adoption ofMasa, supra, to be instructive. In Masa, the father was unable to pay child support due to his low income. In finding that the father had justifiable cause for his nonpayment of support, the Court noted as follows:
 "Thus, * * * ability to pay is a key factor in determining whether there is justifiable cause for failure to support a child. In the instant case, there was no evidence before the trial court that appellee was financially capable of meeting his child support obligation. Indeed, the amount of appellee's court-ordered monthly support payment was greater than the entire amount of his monthly welfare check. This was appellee's sole income from March 1982 through March 1983 because his documented attempts to find employment had not been successful. * * * Appellee's testimony indicated that he fully understood that once he found work, he would be responsible for his monthly support obligation and for the arrearages that had built up during his period of nonpayment. * * * Bearing in mind that we ought not ask the impossible as a condition of preserving fundamental parental rights, we hold that there was justifiable cause *Page 7 
for appellee's failure to support his child[.]" In re Adoption of Masa, 23 Ohio St.3d at 167.
Unlike the father in Masa, Father received income in excess of his total support obligation. Furthermore, Father has had many of his necessities, like food and shelter, paid for by the State due to his incarceration. Father, however, failed to pay any support for more than a year. CompareIn re Adoption of Canter (Aug. 20, 1999), 5th Dist. No. 98-CA-5, at *4 (noting that "[w]hile appellee's contribution to Stetson's support * * * may have been minimal, the evidence clearly established that appellee did not fail to provide support and maintenance to such a degree as to equate abandonment.").
 {¶ 14} We also note that the trial court was not obligated to find justifiable cause solely on the basis that Father was incarcerated.Dallas v. Dotson (1996), 113 Ohio App.3d 484, 488. Rather, "imprisonment [is] one of several factors which the court should consider." Id.
 {¶ 15} Father's remaining testimony supports the trial court's finding that his nonpayment of support was not justifiable. The following colloquy took place:
 "Q. Was it more important to attempt to gain your freedom than to send five dollars to a person who didn't want it?
 "A. Yes, my freedom's more important."
Father also explained that he spent the money given to him by his sister to pay for legal expenses and a writing course. While these activities may ultimately benefit Father, they provide no immediate benefit to his children. Furthermore, Father *Page 8 
testified that he did not send checks for small amounts for fear that he would insult Mother. Father indicated that he feared that insulting Mother could negatively affect his criminal appeal. Father's testimony reveals that while he cares for his young children, he has repeatedly placed his own needs before those of his children. In so doing, he has failed to provide even a token amount of support to them.
 {¶ 16} Finally, we reject Father's assertions that he failed to pay support because Mother did not want his payments. While Mother testified that she would have refused further payments from Father had they been sent, this sentiment was not expressed to Father. While Mother did not cash the sole support check sent on Father's behalf, there is no evidence that Father was aware of this fact when he stopped paying support. Additionally, prior to their divorce, Mother indicated in a letter that Father would be unable to support his children while in jail. Father asserts that this statement demonstrates a clear intent that Mother did not want support. Any such inference, however, is negated by the fact that Mother later sought and received a child support order. Consequently, Father offered no evidence to support a finding that Mother had informed him not to pay support, thereby justifying his nonpayment.[1] *Page 9 
 {¶ 17} The trial court's determination that Father's nonpayment was without justifiable cause was supported by competent, credible evidence. Father's assignments of error, therefore, lack merit.
 III {¶ 18} Father's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Probate Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 10 
Costs taxed to Appellant.
CARR, P. J. DICKINSON, J. CONCUR
[1] As it is unnecessary to our analysis, we reach no opinion on whether a natural parent's direct refusal of support could cause nonpayment to be justifiable. *Page 1