[Cite as *In re Adoption of C.M.F.*, 2013-Ohio-4719.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| ADOPTION OF: C.M.F., et al. | : | CASE NOS. CA2013-06-090<br>CA2013-06-091 |
|  | : |  |
|  | : | O P I N I O N<br>10/25/2013 |
|  | : |  |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. PA12-11-103

Daniel J. Pricard, 110 Old Street, Monroe, Ohio 45050, for respondent-appellant

Bradley R. Hoyt, 7577 Central Park Boulevard, Suite 216, Mason, Ohio 45050, for petitioner-appellee

**M. POWELL, J.**

{¶ 1} Appellant, the biological father of two children, appeals a decision of the Butler County Court of Common Pleas, Probate Division, finding his consent to the adoption of the children is not required.

{¶ 2} Appellant is the biological father of C.M.F. and J.R.F., who were born in 2001 and 2005, respectively. Appellant and the children's mother never married, but the parents were subject to custody and child support orders issued by the Butler County Juvenile Court. The petitioner in this case, G.M.F., became the children's step-father in July 2009, when he

and the mother married.

{¶ 3} Appellant was arrested in December 2011 and subsequently sentenced to one year in prison for failing to register as a sex offender. While in prison, appellant failed to pay child support as required under the juvenile court order.

{¶ 4} On November 21, 2012, the step-father filed a petition to adopt the children. The petition alleged that appellant's consent to the adoption was not required because he had failed to support the children for one year preceding the filing of the petition.

{¶ 5} The probate court held a hearing on April 17, 2013 to determine whether the father's consent to the adoption was necessary. At the hearing, the children's mother testified that the last child support payment she received prior to the filing of the adoption petition was on November 15, 2011. She indicated that there were no support payments, and no money or gifts received by the children from their father from November 2011 until March 28, 2013 when she again received a child support payment. Likewise, the step-father testified that the children did not receive anything from their father from November 15, 2011 until March 28, 2013.

{¶ 6} Appellant testified at the hearing that he was in prison during 2012. He admitted that he did not pay any child support from November 15, 2011 to November 2012, the year immediately prior to the filing of the adoption petition. He testified that he was in prison and only earned $20 a month, which he used to buy necessities and some snacks. Appellant testified that he was unable to arrange payments to be taken out of the $20 a month he received in prison. He stated that he sent a letter to the child support agency but they never took out money for support. He later testified that he received a court order allowing a reduction in child support and indicating that child support was going to be taken from appellant's prison account. Appellant's mother testified that she gave appellant money

while in prison, which she estimated to be around $300 in 2012.

{¶ 7} In a decision issued May 15, 2013, the probate court found that appellant's consent to the adoption was not necessary because he failed to support the children in the year preceding the filing of the adoption petition. Appellant now appeals that decision, raising a sole assignment of error for our review in which he argues that the court erred in determining his consent to the adoption was not required.

{¶ 8} The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law. *In re A.N.L.*, 12th Dist. Warren Nos. CA2004-11-131, CA2005-04-046, 2005-Ohio-4239. *See also Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394 (1982). Because adoption terminates these rights, Ohio law requires parental consent to an adoption unless a specific statutory exemption exists. *In re Caudill*, Fourth Dist. Jackson No. 05CA4, 2005-Ohio-3927; R.C. 3107.06.

{¶ 9} An exemption to parental consent exists if a court finds that in the year preceding the adoption petition, the parent failed without justifiable cause to have more than de minimus contact with the child or that the parent failed to provide support and maintenance for the child. R.C. 3107.07(A).

{¶ 10} When the petitioner alleges that a parent's consent is not required based on a failure to provide support for the child, the burden is on the petitioner to establish by clear and convincing evidence both that the parent has failed to support the child for the requisite one-year period and that this failure was without justifiable cause. *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, ¶ 22. The petitioner must first establish that in the year preceding the petition, the parent failed to support the child. *Id.* at ¶ 22. Once the petitioner has established this failure, the burden of going forward shifts to the parent to show some facially justifiable cause for the failure. *In re Adoption of Bovett*, 33 Ohio St.3d 102, 104

(1987). The burden of proof, however, remains with the petitioner. *Id.*

{¶ 11} A determination that a parent failed to provide "support and maintenance" must be based on a failure to make payments as required by law or judicial decree. *In re M.B.* at ¶ 20; R.C. 3107.07(A). The issue of whether justifiable cause exists when a parent is incarcerated is a factually specific determination based on the circumstances and evidence presented at the hearing. *See In re D.R.*, 7th Dist. Belmont No. 11 BE 11, 2011-Ohio-4755.

{¶ 12} At the hearing, records from the Butler County Child Support Agency were entered into evidence which show that appellant's last child support payment prior to the adoption petition was on November 15, 2011. Evidence was also admitted to show that on September 4, 2012, after an administrative review, appellant's child support obligation was reduced. Appellant also presented a letter dated September 13, 2012, from the BCCSA stating that his child support had been reduced based on information that appellant was incarcerated and a wage deduction order had been issued to the Ohio Department of Corrections in order to have support taken out of his prison account.

{¶ 13} On appeal, appellant argues that justifiable cause exists because the state failed to comply with the order to have funds taken out of his prison account for child support. He contends that if this had occurred, child support payments would have been made. Appellant also argues that the paternal grandmother spent time with the children while he was in prison and provided toys, clothes, food and lodging for them, which should be considered evidence of maintenance and support provided as a direct result of the father.

{¶ 14} As mentioned above, the petition for adoption was filed on November 21, 2012. The trial court found, and the parties agree, that no support was paid from November 21, 2011 to the date the petition was filed. Therefore, the only issue was whether justifiable cause existed for the failure to support the children.

{¶ 15} The trial court found that according to records from the BCCSA, appellant's last child support payment prior to the adoption petition was on November 15, 2011. The court also found that appellant was arrested in late December 2011 and that appellant failed to present any evidence of a justifiable cause for his failure to support from November 15 until his arrest in late December. The trial court further found that although appellant initially presented facially justifiable cause for his failure to pay while he was in prison, the evidence as a whole established that justifiable cause did not exist for the failure to pay child support.

{¶ 16} The question of whether justifiable cause has been proven by clear and convincing evidence in a particular case is a determination for the probate court. *In re Masa*, 23 Ohio St.3d 163, 166, (1987). This determination cannot be reversed by an appellate court unless the determination is against the manifest weight of the evidence. *Id*. The probate court is in the best position to observe the demeanor of the parties and assess the credibility and accuracy of their testimony. *In re adoption of Caleb M.J.*, 6th Dist. Lucas No. L-07-1186, 2007-Ohio-5599, ¶ 9.

{¶ 17} A trial court is not obligated to find justifiable cause exists solely on the basis that a parent is incarcerated. *Dallas v. Dotson*, 113 Ohio App. 3d 484 (9th Dist.1996); *In re A.M.W.*, 9th Dist. Medina Nos. 07CA0062-M, 07CA0063-M, 2008-Ohio-1456; *In re Adoption of Caleb M.J.*, at ¶ 11. Instead, when a parent is in prison, reviewing courts have determined that imprisonment is one of several factors the court should consider. *In re D.R.*, 7th Dist. Belmont No. 11 BE 11, 2011-Ohio-4755, ¶ 14.

{¶ 18} After reviewing the record, we find no error in the trial court's determination that justifiable cause did not exist for appellant's failure to pay child support. First, as mentioned above, appellant's last support payment was November 15, 2011 and he was not incarcerated until late December 2011. Appellant did not present any evidence regarding his

failure to pay child support during this month-and-a-half time period prior to his incarceration and the record does not contain any testimony or evidence regarding the failure to pay child support during this time.

{¶ 19} In addition, appellant did not make any payments, even minimal payments, while he was in prison. While appellant testified that he tried to have money taken out of his prison account, and that he sent a letter to the BCCSA, his testimony on this issue is general and imprecise. There is no evidence when during his incarceration appellant wrote to the BCCSA. At one point in the hearing, appellant testified that he tried to have money taken out and he sent BCCSA a letter. Later, when questioned about the letter he received from the BCCSA reducing his child support, he stated it was the order "that I sent to have my child support lowered while I was in prison."

{¶ 20} While he testified that he tried and there was no way he was aware of to pay child support while in prison, appellant's testimony on this issue does not evidence a strong desire to provide continued support to his children while in prison. *Compare In re Adoption of C.L.B.*, 191 Ohio App.3d 64, 2010-Ohio-5190 (3rd Dist.) (incarcerated father testified in precise detail regarding attempts to have child support withheld from his prison account). In addition, although appellant argues that BCCSA failed to withhold child support as it indicated would occur in the September 13 letter, the trial court found that even if the state had begun to withhold child support, it would only have occurred for two months of the relevant time period.

{¶ 21} Appellant testified generally that he spent the monthly $20 he received as "prison pay" on hygiene and personal items and admitted that he purchased items such as snacks with the money. In addition, during his incarceration, appellant's mother sent a total of around $300, which was placed in appellant's prison account. Appellant did not testify

regarding how this money was used. Appellate courts reviewing cases involving incarcerated parents have determined justifiable cause does not exist when prisoners fail to pay child support, but use money available to them for non-essential use. *See In re A.M.W.*, 9th Dist. Medina Nos. 07CA0062-M, 07CA0063-M, 2008-Ohio-1456; *In re adoption of Caleb M.J.*, 6th Dist. Lucas No. L-07-1186, 2007-Ohio-5599, ¶ 9.

{¶ 22} Finally, we find no merit to appellant's argument that the support given to the children by the grandmother should be considered support by him to the children. At the hearing, appellant testified that he did not direct his mother to provide any of these items for the children on his behalf, and acknowledged that it was his responsibility to provide support. In addition, the failure to provide "support and maintenance" pursuant to R.C. 3107.07(A) must be based on a failure to make payments as required by law or judicial decree. *In re M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, ¶ 20.

{¶ 23} In conclusion, while appellant presented some evidence of justification for part of the relevant time period, the trial court was in the best position to observe the demeanor of the parties and assess the credibility and accuracy of the testimony, and we cannot find the trial court's decision is against the manifest weight of the evidence.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.

- 7 -