[Cite as *In re Adoption of E.W.*, 2024-Ohio-5633.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

IN RE: :

ADOPTION OF E.W., JR., et al. : CASE NOS. CA2024-06-080
CA2024-06-081
:
O P I N I O N
: 12/2/2024

:

:

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case Nos. PA22-12-0108 and PA22-12-0109

Muhammad Hamidullah, for appellant.

D. Joseph Auciello, Jr., for appellees.

**HENDRICKSON, J.**

{¶ 1} Appellant, the biological mother of two children ("Mother"), appeals the Butler County Probate Court's decision that her consent is not required for the adoption of the children by their foster parents.

{¶ 2} The two children involved in this case were born in November 2017 and September 2018. Butler County Children Services investigated allegations of abuse

regarding the children that involved a brain bleed in the younger child and a burn on the older child. In January 2019, both children were removed from the home and placed in foster care. They have remained in the same home since that time. Mother was charged with two counts of child endangering involving the children. As part of a plea agreement with the state, she pled guilty to one count of child endangering and was sentenced to 18 months in prison.

**{¶ 3}** Mother was released from prison in April 2021 with a requirement that she have no contact with the children. Shortly after her release, she violated her parole by having contact with the children. As a result, she was ordered to complete the Monday program and was released from the program in October 2021. After her release, Mother was out around a year, but again violated her parole and was sentenced to 72 days in jail. She was released in January 2023.

**{¶ 4}** In December 2022, shortly before Mother's release from incarceration, the foster parents filed a petition to adopt the children. The children's father failed to respond or appear and the probate court therefore determined his consent was not required. Mother contested the adoption and a hearing was held on the issue of whether her consent was required. In a written decision, the probate court determined that Mother's consent was not necessary because she failed to support the children in the one-year period before the petition was filed.

**{¶ 5}** Mother now appeals this decision, raising the following assignment of error:

**{¶ 6}** THE TRIAL COURT ERRED BY FINDING THAT CONSENT IS NOT REQUIRED BECAUSE APPELLANT/MOTHER DID NOT PROVIDE MAINTENANCE AND SUPPORT FOR THE MINOR CHILDREN.

**{¶ 7}** We begin our analysis by recognizing that the right of natural parents to the

care and custody of their children is one of the most precious and fundamental in law. *In re Adoption of C.M.F.*, 2013-Ohio-4719, ¶ 8 (12th Dist.). Because adoption terminates the parental rights of a natural parent, Ohio law requires the parent's consent to an adoption unless a specific statutory exemption exists. *In re Adoption of A.N.B.*, 2012-Ohio-3880, ¶ 5 (12th Dist.).

{¶ 8} In Ohio, an exemption to parental consent exists if a court finds, after notice and a hearing, that in the year preceding the adoption petition, the parent failed without justifiable cause to have more than de minimis contact with the child or the parent failed to provide maintenance and support for the child. R.C. 3107.07(A); *In re Adoption of A.O.P.*, 2022-Ohio-2532, ¶ 14 (12th Dist.). This exemption involves a two-step analysis: (1) whether the parent failed to engage in more than de minimis contact with the child or failed to provide for the maintenance and support to the child in the year immediately preceding the filing of the adoption petition, and (2) whether the parent had justifiable cause for the failure to contact the child or provide maintenance and support for the child. *In re Adoption of C.E.S.*, 2020-Ohio-6902, ¶ 21 (12th Dist.). Because the first element is written in the alternative, the probate court need only find either a lack of contact with the minor or a failure to provide maintenance and support to the minor. *In re Adoption of O.J.B.*, 2020-Ohio-4184, ¶ 9 (12th Dist.).

{¶ 9} The petitioner in an adoption proceeding bears the burden of proving the elements of a consent exemption by clear and convincing evidence. *In re Adoption of M.G.B.-E.*, 2018-Ohio-1787, ¶ 31. After the petitioner has established a parent's lack of contact or support, the parent bears the burden of going forward with evidence to show a facially justifiable cause for the failure, although the burden of proof remains on the petitioner. *Id.; In re Adoption of A.O.P.* at ¶ 15.

{¶ 10} When reviewing a probate court's decision on parental consent, an appellate court applies two different standards of review. *Id.* at ¶ 11. An abuse of discretion standard of review applies to the probate court's decision as to whether a parent's contact with his or her child, or provision of maintenance and support for the child, met the statutory standard. *In re Adoption of C.E.S.* at ¶ 22. However, the probate court's decision on whether a parent had justifiable cause for the failure to contact or provide maintenance and support to the child is reviewed under a manifest weight of the evidence standard. *Id.* at ¶ 23.

{¶ 11} As mentioned above, the probate court found that Mother had failed to provide support for her children in the year preceding the adoption petition. R.C. 3107.07 requires a trial court to determine whether the parent failed "to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding . . . the filing of the adoption petition." In Ohio, there are two statuses of parental support obligations. *In re Adoption of B.I.*, 2019-Ohio-2450, ¶ 27. First, R.C. 3103.03 provides a general obligation of parents to support their children. *Id.* Second, there is a specific child-support obligation imposed by judicial decree that supersedes the general obligation. *Id.*

{¶ 12} The Ohio Supreme Court has determined that when a parent is subject to a child support order, considering whether the parent has failed to support a child "as required by law or judicial decree" requires the court to determine if the parent complied with the terms of the child support order. *In re Adoption of A.C.B.*, 2020-Ohio-629, ¶ 8. In this case, Mother acknowledged that she was under a child support obligation during the one-year lookback period. The documentary evidence at the consent hearing established that Mother was under a child support order to pay $167.24 a month during

the relative time period.

{¶ 13} The parties stipulated to the admission of a payment summary prepared by the Butler County Child Support Enforcement Agency.  This document shows that in the year preceding the adoption petition, December 28, 2021 through December 28, 2022, Mother only met her monthly obligation during the months of March and December 2022.  She made only partial payments in February, May and June.  During the months of January, April, July, August, September, October, and November, Mother made no payments at all.  In total, Mother paid $610.32 toward her yearly support obligation of $2,006.88, which amounts to approximately 30 percent of her obligation.  Therefore, we agree with the trial court that Mother did not comply with the terms of the child support order and therefore failed to support the children "as required by law or judicial decree."

{¶ 14} However, not every failure to provide support as required by law or judicial decree will mean that a parent's consent to an adoption is not required.  *In re Adoption of A.C.B.* at ¶ 16.  The next step of the analysis requires the court to determine if there is justifiable cause for the failure to support.  *Id.*  Both this court and the Ohio Supreme Court have previously recognized that key factor in determining whether there is justifiable cause for a parent's failure to support her child is the parent's ability to pay.  *In re Adoption of Masa*, 23 Ohio St. 3d 163 (1986); *In re Adoption of A.O.P.*, 2022-Ohio-2532, ¶ 27 (12th Dist.).  Generally, determining whether a parent is financially capable of paying support requires an examination of the amount of income from all sources, the amount of the support order, and the parent's entire financial situation including the types and amounts of other financial obligations.  *In re Adopt. of S.G.L.*, 2024-Ohio-2248, ¶ 22 (9th Dist.).

{¶ 15} As mentioned above, although the overall burden of proof remains with the petitioners, Mother was required to go forward with evidence to demonstrate a

facially justifiable cause for the failure to support. *In re Adoption of A.O.P.* at ¶ 15. When the evidence establishes a lack of the requisite contact or support, a parent "may not simply remain mute," but instead, must demonstrate some facially justifiable cause for the failure. *In re A.L.H.*, 2020-Ohio-3527, ¶ 8 (9th Dist.).

{¶ 16} Mother testified that she was working during most of the lookback period. She testified that shortly after her release in October 2021, she began working for Pacific Manufacturing. She stated that she worked there for four or five months but quit when they would not let her switch from third shift to first shift. She indicated that she was living with her stepfather and believed that child support deductions were taken out during this time. She also testified that she was working for DoorDash during the relevant time period, but did not consider it "a legit job" and did not pay child support on her earnings.

{¶ 17} Mother did not provide any specifics regarding the hours or compensation she received, nor any information on her expenses or overall financial situation. When questioned why she did not meet her child support obligations, Mother indicated only that she was "unable to" but did not provide any further detail or explanation. Accordingly, we find the trial court did not err in finding that justifiable cause for Mother's failure to support the children was not established.

{¶ 18} In conclusion, we find that the probate court did not err in determining that Mother's consent to the adoption was not required because she failed, without justifiable cause, to support the children as required by judicial decree. Mother's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.