OPINION JUDGMENT ENTRY
{¶ 1} Appellants David and Christy Moore appeal the decision of the Fairfield County Court of Common Pleas, Probate Division, which dismissed their petition to adopt David Paul Moore, a minor child. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellants are the maternal grandparents of David. Appellee Elizabeth Consoliver is the child's biological mother. David was born prematurely, and was required to be on oxygen for the first three years of his life. He also suffers from Hirschsprung's disease, which caused intestinal blockage and the ultimate removal of his large intestine. David remained at the hospital for the first three months of his life. Concerns about the parents' caregiving abilities, however, led to intervention by Children's Services. As a result, appellants obtained placement of David upon his release from the hospital. Subsequent reunification efforts by Children's Services were unsuccessful; accordingly, on May 28, 1996, the Fairfield County Juvenile Court granted legal custody of David to appellants.
 {¶ 3} Eventually, appellee agreed to allow appellants to adopt. Appellants filed a petition therefor on November 21, 2002. Appellee nonetheless withdrew her consent, and appellants filed an amended petition on November 27, 2002, alleging that appellee and the child's father had failed without justifiable cause to provide for David's maintenance and support.[1]
 {¶ 4} A trial was conducted on April 7, 2003, and May 6, 2003. After taking the matter under advisement, the trial court issued a judgment entry on August 26, 2003, dismissing appellants' petition, with findings of fact and conclusions of law. In essence, the court concluded that the consent of appellee and the father to the adoption would be required, as neither had ever been ordered to provide support for David. Appellants timely filed a notice of appeal, and herein raise the following sole Assignment of Error:
 {¶ 5} "I. The trial court erroneously found that the consent of both biological parents was necessary despite the parents' failure to provide support, which the court mistakely [sic] justified upon the fact that the petitioners had not requested support from the parents directly or by separate court proceeding."
 I. {¶ 6} In their sole Assignment of Error, appellants contend the trial court erred in finding that parental consent to adopt was required based on the court's conclusion that the parents had "justifiable cause" for their lack of child support in the absence of a court order. We agree with appellant's contention.
 {¶ 7} R.C. 3107.07 reads in pertinent part as follows: "Consent to adoption is not required of any of the following: (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. * * *" Pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both that the natural parent has failed to support the child for the requisite one-year period and that this failure was without justifiable cause. In Re Adoption ofBovett (1987), 33 Ohio St.3d 102, paragraph one of the syllabus. A probate court's determination under R.C. 3107.07(A) will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. In Re Adoption of Masa (1986),23 Ohio St.3d 163, paragraph two of the syllabus; Bovett at paragraph four of the syllabus. The language of R.C. 3107.07(A) must be strictly construed to protect the interest of the non-consenting parent subject to forfeiture of his or her parental rights. In Re Adoption of Sunderhaus (1992)63 Ohio St.3d 127, 132.
 {¶ 8} In the case of In re Adoption of Kuhlmann (1994)99 Ohio App.3d 44, the First District Court of Appeals analyzed the same question presented in the case sub judice, i.e., whether the lack of or ignorance of a court support order or agreement is justifiable cause for failure to support a child under R.C.3107.07(A). The Kuhlmann court first noted that R.C. 3103.03(A) requires a parent to support his or her minor children "out of his or her property or by his or her labor." Furthermore, "[t]his parental obligation to support is not excused by the temporary custody of the child being lodged with another." Id. at 50, citing R.C. 2151.011(B). Noting that a parent's legally imposed duty to support his or her children is not dependent on an awareness of that obligation (citing In re Adoption of Jedel
(Jan. 20, 1988), Medina App. No. 1624), the Kuhlmann court opined as follows: "While ignorance of an obligation may have been relevant to a consideration of whether [the parent] willfully failed to support [the child], that determination is no longer germane under the scheme of R.C. Chapter 3107. Id.
 {¶ 9} Applying the rationale of Kuhlmann to the case sub judice, we find the trial court erred in determining, in its analysis under R.C. 3107.07(A), that the absence of a support order justified the failure of David's parents to provide support for him. Accord In re Placement for Adoption of CET (July 11, 2003), Montgomery App. No. 19566, ¶ 11. However, as revealed in the following excerpt from the judgment entry under appeal, the trial court also factored the economic circumstances of the parents in its decision:
 {¶ 10} "As to the allegation of failure to provide maintenance for one year, as to each of the parents, it is uncontested that neither parent provided support for this minor during the one year in question. However, was that failure without justifiable cause? This court finds that it was not. This child was placed in the legal custody of the maternal grandparents and petitioners on May 28, 1996 by the Fairfield County Juvenile Court and no support was ordered. Mary [Elizabeth] Consoliver qualified for SSI due to her epilepsy and mental disability and continued to receive it until July, 2001, when it was terminated due to her husband's income. She has made little or no money since. James Hogsett has had numerous jobs during this period; however, the petitioners did not seek support at the time of the custody proceeding nor have they attempted to obtain support since, either directly from the parents or through legal proceedings. Based on these facts, this court concludes that the requirements of O.R.C. § 3107.07 have not been met and the consents from both parents are still required to approve this adoption petition." Judgment Entry at 3-4.
 {¶ 11} Certainly, low wages have been considered as a significant factor in justifying a failure to provide support in an adoption action. In re Adoptions of Groh (2003),153 Ohio App.3d 414, 423, citing In re Adoption of Kessler (1993),87 Ohio App.3d 317, 323, and In re Adoption of Howell (1991),77 Ohio App.3d 80, 97. However, we are unable to determine, from the above passage, how much weight the trial court gave to the parents' respective financial situations as opposed to the fact that no child support order existed. Therefore, we are compelled to remand this matter to the trial court, with directions to consider whether the failure of the parents to support David was justified on an economic basis alone.
 {¶ 12} Appellants' sole Assignment of Error is sustained.
 {¶ 13} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Probate Division, Fairfield County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Wise, J., Gwin, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, Fairfield County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to Appellee Consoliver.
[1] Appellants also alleged that David's biological father, James Hogsett, had failed to communicate with the child for over one year. Hogsett is not participating in the within appeal.