### In re ADOPTION OF W.K.M.

[Cite as *In re Adoption of W.K.M.*, 166 Ohio App.3d 684, 2006-Ohio-2326.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21373.

Decided May 5, 2006.

James R. Kirkland, for appellant.

W. Michael Conway, for appellee.

GRADY, Presiding Judge.

{¶ 1} This is an appeal from a judgment and order of the probate court that found that William Bragg had justifiable cause for his failure to provide maintenance and support for his minor child, W.K.M., and that his consent to the adoption of W.K.M. by her grandmother is therefore required.

{¶ 2} W.K.M. was born on February 3, 1999. Subsequently, her parents, Brenda Kay Sanders and William Bragg, divorced. After a shared parenting plan failed, William was designated W.K.M.'s residential parent in October 2002.

The domestic relations court also granted visitation to Linda Meyer, W.K.M.'s maternal grandmother, and her husband, Allen Meyer.

{¶ 3} William was arrested on April 15, 2003, for a criminal offense that had occurred prior to W.K.M.'s birth. William was convicted and has remained incarcerated since that date. It appears that Brenda, W.K.M.'s mother, is also incarcerated.

{¶ 4} On June 23, 2003, a magistrate of the domestic relations court issued a decision granting legal custody of W.K.M. to Linda. The decision stated, inter alia, that "[n]o child support will be ordered at this time as a result of both plaintiff (William) and defendant (Brenda) being incarcerated." The domestic relations court adopted the magistrate's decision on the date it was filed.

{¶ 5} On June 6, 2005, Linda Meyer filed a petition in the probate court to adopt W.K.M. Linda noted that W.K.M.'s mother consented to the adoption, and she alleged that William's consent was not required because he had failed without justifiable cause to provide for the maintenance and support of W.K.M. for one year immediately preceding the filing of the adoption petition.

■ {¶ 6} Following a hearing, the probate court found justifiable cause for William's failure to provide maintenance and support for W.K.M. and that his consent to her adoption is therefore required. Such an order is a final order. *In re Adoption of Greer* (1994), 70 Ohio St.3d 293, 638 N.E.2d 999. Linda filed a timely notice of appeal.

*ASSIGNMENT OF ERROR*

{¶ 7} "The trial court erred in finding that appellee's failure to support his daughter was justified and therefore his consent was required in order for the appellants to adopt his daughter."

■ {¶ 8} The probate court may not grant a petition to adopt a minor child absent the consent of the child's parent. R.C. 3107.06(A). However, the consent of a parent is not required for adoption if the court finds that "the parent has failed without justifiable cause * * * to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding * * * the filing of the adoption petition" R.C. 3107.07(A). The petitioner for adoption "has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause." *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919, paragraph one of the syllabus.

{¶ 9} It is undisputed that William did not provide maintenance or support for W.K.M. during the one-year period immediately preceding the petition for adoption. However, because the domestic relations court's June 23, 2003 order provided that "[n]o child support will be ordered" when temporary custody of W.K.M. was awarded to Linda, the probate court found that, being thus relieved of his duty of support, William had justifiable cause for his failure to provide maintenance or support. The court held that "[t]he common law duty to support was incorporated in the [domestic relation court's] judicial decree and therefore the father complied with the order." We agree, based on our holding in *In re Adoption of Stephens* (Dec. 21, 2001), Montgomery App. No. 18956, 2001 WL 1636284.

{¶ 10} In *Stephens*, the juvenile court entered an order granting legal custody to a child's paternal grandparents, and with respect to the child's mother stated that "there shall be no child support order at this time." Upon the grandparents' subsequent petition for adoption, the probate court found that the child's mother had failed, without justifiable cause, to provide support for the child. We reversed the probate court's decision, holding that the juvenile court's order relieving the mother of her support obligation superseded the mother's statutory duty of support. Thus, because the mother was not required by law or judicial decree to provide support for the child, her failure to provide maintenance and support was justified. Similarly, in the present case, the domestic relations court's order superseded William's statutory duty of support and justifies his failure to support for purposes of R.C. 3107.07(A).

{¶ 11} Linda attempts to limit our application of *Stephens* by reference to *In re Placement for Adoption of C.E.T.*, Montgomery App. No. 19566, 2003-Ohio-3783, 2003 WL 21658682. However, *C.E.T.* is distinguishable from *Stephens*, Montgomery App. No. 18956, 2001 WL 1636284, and the facts before us, because *C.E.T.* did not involve a court order that excused the objecting parent from any obligation to support her child.

{¶ 12} The assignment of error is overruled. The judgment of the probate court is affirmed.

Judgment affirmed.

FAIN and DONOVAN, JJ., concur.