[Cite as *In re Adoption of M.S.*, 2011-Ohio-6403.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF: | ) ) ) | CASE NOS.  11 BE 14 11 BE 15 |
| M.S. and J.S. | ) ) | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court, Probate Division, Case Nos. 11AD4 and 11AD5.

JUDGMENT:     Affirmed.

APPEARANCES:
For Appellee:     Attorney Michael Shaheen
227 East Main Street
St. Clairsville, Ohio  43950

For Appellant:     Attorney Albert Davies
320 Howard Street
Bridgeport, Ohio  43912

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  December 7, 2011

VUKOVICH, J.

¶{1} Respondent-appellant Lewis Loos appeals the decision of the Belmont County Probate Court, which granted a step-parent adoption regarding his two children to petitioner-appellee Jesse Schafer, the husband of the children's mother. The threshold issue on appeal is whether the father had justifiable cause for failing to communicate with his children in the one year preceding the adoption petition. We hold that the agreed order terminating parental rights and responsibilities until further court order did not prohibit the father from communicating with his children, and thus, where he failed to appear at the adoption hearing, the probate court could properly find by clear and convincing evidence that the father lacked justifiable cause for failing to communicate with his children. Accordingly, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

¶{2} The father and the children's mother, nka Jessica Schafer, were never married. They had two daughters born in January of 2004 and July of 2005. Child support orders existed in favor of the mother, and the father accumulated arrearages. After hearings on various motions in 2007, the parents entered a settlement agreement, which the juvenile court adopted. In the agreement, the father relinquished his parental rights and responsibilities, agreed to pay the mother $500, and agreed to cooperate in having the children's last names changed to their mother's maiden name. In return, the mother relinquished her right to prior arrearages and her right to a child support order. The parties agreed that the court retained jurisdiction over the issues of parenting time, child support, and related issues.

¶{3} On January 22, 2011, the mother married Jesse Schafer, her boyfriend of five years. They filed the adoption petition in the probate court on January 24, 2011, alleging that the father's consent to adopt was not required because in the preceding year, the father failed without justifiable cause to communicate with the children and alternatively failed to provide maintenance and support as required by law or judicial decree. The petition noted that the paternal grandmother had a grandparent's visitation request pending in juvenile court.

¶{4}   The father was personally served on February 18, 2011, wherein he was advised that if he planned to contest the adoption, he must file an objection within fourteen days and should notify the court immediately.  Appellant did neither; nor did he appear for the March 11, 2011 adoption hearing.

¶{5}   At the hearing, the step-father testified that he has known the children for five years and that he lived primarily with the children and their mother since December of 2009.  (Tr. 6).  He stated that he knew he wanted to adopt the children on Father's Day of 2010 when they gave him a necklace saying, "I love you Dad," which he wore to the hearing.  (Tr. 8).  He testified that to his knowledge, the father has not provided support in the past year or two and has not attempted to contact the children.  (Tr. 9-10).

¶{6}   The mother testified that she has lived in the same house her entire life and still lives there now with her children and her husband.  (Tr. 12).  The mother testified that in the year preceding the adoption petition, the father has not tried to communicate with the children in any manner (no cards, calls, letters, or gifts) directly or indirectly and has provided no support directly or indirectly.  (Tr. 15-17).  She suggested this situation began prior to the 2007 juvenile court entry.

¶{7}   On March 11, 2011, the probate court, granted the step-parent adoption. The court found that the father failed without justifiable cause to provide maintenance and support and to contact the children for a period of at least one year prior to the filing of the petition.  The father filed a timely appeal on April 11, 2011.

ASSIGNMENT OF ERROR

¶{8}   Appellant's sole assignment of error provides:

¶{9}   "THE BELMONT COUNTY PROBATE COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND THAT THE STEP-FATHER PETITIONER-APPELLEE PROVED, BY CLEAR AND CONVINCING EVIDENCE, THAT THE BIOLOGICAL FATHER-APPELLANT HAD FAILED, WITHOUT JUSTIFIABLE CAUSE, TO SUPPORT THE MINOR CHILDREN AND/OR CONTACT THE MINOR CHILDREN FOR THE REQUISITE ONE YEAR PERIOD PRIOR TO THE FILING OF THE PETITIONS FOR ADOPTION."

¶{10}  Consent to adoption is not required of:

¶{11} "A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." R.C. 3107.07(A).

¶{12} Either a lack of support or a lack of communication can excuse the need to obtain that parent's consent to the adoption. Id. Appellant concedes that he did not provide any support or maintenance for the children and that he did not contact the children during the one year preceding the adoption petition. However, he urges that he had justifiable cause for failing to communicate because the juvenile court order stated that he had no parental rights. If the court agrees, he then states that he had justifiable cause for failing to provide support because the juvenile court order expressly stated that he need not pay child support, noting that maintenance and support in the statute are modified by the phrase "as required by law or judicial decree."

¶{13} Because these types of adoption cases involve the termination of fundamental parental rights, the burden is on the petitioner to prove, by clear and convincing evidence, the parent's failure to communicate or properly support the child for the requisite one-year period and that there was no justifiable cause for the failure. *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 368. Still, once the petitioner has established, by clear and convincing evidence, that the natural parent has failed to support the child for at least the requisite one-year period, the burden of going forward with the evidence is on the natural parent to show some facially justifiable cause for such failure. *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 104. It has been stated that the adopting parent has no legal duty to prove a negative. Id. While stating that the burden of proof remains with the petitioner, the Supreme Court simultaneously stated that if the natural parent does not appear to go forward with any evidence of justification, then the adopting parent has only the obligation of proving the failure of support or contact by the requisite standard. Id.

¶{14} The clear and convincing evidence standard requires that the proof produce in the mind of the fact-finder a firm belief or conviction as to the facts sought to be established. *Holcomb,* 18 Ohio St.3d at 368. Justifiable cause is a factual question. Id. The reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof and should not reverse the probate court's decision unless it is unsupported by clear and convincing evidence. Id.

¶{15} Justifiable cause for non-communication exists in cases of significant interference or significant discouragement by the custodial parent. Id. at 367-368. Here, the mother lived with the children in the same house for the children's entire lives. She testified that the father made no attempts to contact his children in any manner directly or indirectly. The step-father confirmed that he witnessed no attempts of communication by the father.

¶{16} The father does not dispute this but argues that the juvenile court entry shows that he had justifiable cause for failing to contact the children. Although the father did not appear and present the juvenile entry to the probate court, the step-father attached it to his petition and the trial court referred to it in its entry. Thus, it can be utilized in evaluating whether the father had justifiable cause for his failures.

¶{17} However, the juvenile entry was not permanent. Rather, it was subject to modification. And, it merely stated that the father agreed to relinquish parental rights and responsibilities. It did not prohibit him from calling the children, sending cards or gifts to the children, or seeing or communicating with the children (while his mother was babysitting them for instance). Thus, the entry was not a no contact order.

¶{18} It has been held that a court order does not provide justifiable cause for failure to communicate unless it specifies that there is to be no contact. See, e.g., *In re Adoption of Mineer*, 4th Dist. No. 03CA768, 2004-Ohio-656, ¶18-21 (holding that the mother failed to meet her burden of going forward with a facially justifiable cause for her lack of communication because, although she testified that a court order prohibited her from communicating with her child, the trial court determined that the order prohibited visitation, but not all communication); *In the Matter of Gibson* (Oct. 15, 1984), 7th Dist. No. 385 (the father testified that he believed there was an order

restraining him from contacting his children when in actuality an order stated that he could have visitation if he appeared before the court, which he never did). Cf. *In the Matter of the Adoption of Bryan W.* (May 2, 1997), 6th Dist. No. H-96-039 (holding that the mother's failure to communicate was justifiable because the probate court's prior order prohibited her from having any contact or communication with her child).

¶{19} Moreover, the father agreed to forgo his parenting time rights in order to have his arrearage erased and to avoid paying child support while the rights were suspended, and the juvenile court entry here specifically stated that the juvenile court retained jurisdiction over parenting time issues. However, there is no evidence that the father attempted to modify his rights from the time of May 2007 until the time of the January 2011 adoption petition *or thereafter*. He failed to respond to the petition and specifically failed to appear at the hearing to present testimony showing that he felt restrained by the entry. In fact, he in no way expressed an interest in this case until the within appeal was filed.

¶{20} In conclusion, we hold that the probate court could reasonably find by clear and convincing evidence that the father's failure to communicate with his children in the year preceding the filing of the adoption petition was without justifiable cause. Since the existence of either an unjustified failure to communicate or failure to support allows a probate court to act without that parent's permission, we need not address the father's alternative argument concerning his failure to support his children.

¶{21} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J.,
Waite, P.J.,