STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF | ) | CASE NO. 15 BE 0071 |
| | ) | |
| THE ADOPTION OF A.N.W | ) | |
| AND L.D.W | ) | |
| | ) | |
| | ) | OPINION |
| | ) | |

CHARACTER OF PROCEEDINGS:          Probate Appeal from the Probate Court
                                   of Belmont County, Ohio
                                   Case No. 15AD11

JUDGMENT:                          Reversed and Vacated.

APPEARANCES:

For Plaintiff-Appellant:           Atty. Mary F. Corabi
                                   Corabi Law Office
                                   424 Market Street
                                   Steubenville, Ohio 43952

For Defendant-Appellee:            Atty.Michael Shaheen
                                   Shaheen Law Office
                                   128 South Marietta St.
                                   P.O. Box 579
                                   St. Clairsville, Ohio 43950

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                   Dated:  February 4, 2016

ROBB, J.

{¶1} Appellant R.W. appeals the decision of Belmont County Probate Court finding Appellant's consent was not needed for Appellee S.K.K.W. to adopt the minor children. In finding consent was not needed, the probate court made two findings. First, it found Appellant failed, without justifiable cause, to provide maintenance and support for at least one year preceding the filing of the adoption petition (no support). Second, it found Appellant failed, without justifiable cause, to provide more than de minimis contact with the minor children for at least one year preceding the filing of the adoption petition (no contact). Appellant asserts each finding was incorrect. As to the support finding, she contends there was justifiable cause for failing to support because she was not ordered to pay child support. As to the contact finding, Appellant contends she did not receive notice that this was one of the reasons Appellee was claiming Appellant's consent was not needed.

{¶2} We find merit with both arguments. The probate court's decision that Appellant's consent was not needed for the adoption of the minor children is reversed and vacated.

Statement of the Facts

{¶3} Appellant and D.W. (Father) were divorced in Harrison County, Ohio in January 2008. Appellant and Father had two children – A.N.W. date of birth 12/21/00 and L.D.W. date of birth 1/5/05. Following the divorce, Appellant was named residential parent and Father received approximately equal parenting time. Father paid court ordered child support.

{¶4} Father married Appellee in 2011.

{¶5} After several issues arose, one of which was substance abuse, Father filed a motion for reallocation of parental rights and asked for Appellant's visitation to be supervised. 11/15/13 Motion (Harrison County). An Agreed Entry was issued in March 2014. Father was designated residential parent, Appellant received supervised visitation, and Father's child support order was suspended. 3/10/14 Agreed J.E. (Harrison County). In that entry, upon the request of Father and Appellant, no child support was awarded; Appellant was not required to pay child support. 3/10/14 Agreed J.E. (Harrison County). However, as to the non-covered

medical expenses, Appellant was responsible for 40% of them. 3/10/14 Agreed J.E. (Harrison County).

{¶6} Father filed another motion regarding parenting time in November 2014. 11/3/14 Motion (Harrison County). An order regarding that motion was issued in December 2014. In that order, Appellant's visitation was suspended and she was only permitted to have contact with the children at the discretion of Father. 12/1/14 J.E. (Harrison County). The previous child support order was not altered in the December 2014 order.

{¶7} A review hearing for the December 2014 order occurred on May 27, 2015. Appellant's visitation remained at the sole discretion of the Father. Appellant's boyfriend was ordered to have no contact with the minor children. 5/27/15 J.E. (Harrison County).

{¶8} On June 9, 2015, Appellee filed a Petition for Adoption of Minor pursuant to R.C. 3107.05, with the Belmont County Probate Court for each of her minor step-children. In each petition it states Father consents to the adoptions and Appellant's consent is not required. 6/9/15 Petitions. The ground for consent not being required was, "The parent has failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner." 6/9/15 Petitions. The de minis contact ground was not marked on either petition. 6/9/15 Petitions.

{¶9} Appellant received notice of the petitions and of the July 17, 2015 hearing on the petitions. 6/18/15. Notice. The notice indicated the petitions alleged her consent was not required because of a failure, without justifiable cause, to provide support and maintenance. 6/18/15 Notice.

{¶10} A step-parent adoption home study was completed; it recommended the adoption and indicated both minor children wanted the adoption to be granted. 7/9/15 Home Study.

{¶11} Following continuances, the hearing occurred on September 18, 2015. The court noted in the judgment entry that the adoption petitions did not allege lack of contact. However, the probate court indicated testimony, which was not objected to by Appellant, evinced lack of contact with the children. 10/21/15 J.E. The probate

court acknowledged that "the parties agreed that there would be no child support paid by respondent [Appellant] to the petitioner [Father] at that time." 10/21/15 J.E. The probate court then reasoned, "The evidence before the Court shows that no child support was paid by the respondent. Additionally, in addition [sic] there were never any gifts, monies, presents or other financial support of the children regardless of the child support order." 10/21/15 J.E. The probate court further found that Appellant had "no contact with the minor children, but for one incidental contact when the children were visiting a family member." 10/21/15 J.E. Consequently, it concluded:

> [R]espondent [Appellant] failed without justifiable cause to provide for the maintenance and support of the minor children as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition AND * * * failed without justifiable cause to provide more than de minimis contact with the minor children for a period of at least one year immediately preceding the filing of the petition for adoption."

10/21/15 J.E.

**{¶12}** Appellant timely appealed from that final order. *In re Adoption of Greer*, 70 Ohio St.3d 293, 638 N.E.2d 999 (1994), paragraph one of the syllabus ("A trial court's finding pursuant to R.C. 3107.07 that the consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order.").

<u>First Assignment of Error</u>

"The trial court erroneously found that the biological mother, without justifiable cause, failed to provide support for more than one year preceding the filing of the adoption and that the consent of the respondent is not necessary to proceed with the adoption."

**{¶13}** The analysis in any adoption case begins with the recognition that the right of a natural parent to the care and custody of his or her children is one of the most precious and fundamental in law. *In re Adoption of Masa*, 23 Ohio St.3d 163, 165, 492 N.E.2d 140 (1986), citing *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 1394 (1982). This is because adoption terminates fundamental rights. *Masa* citing R.C. 3107.15(A)(1). Therefore, "[a]ny exception to the

requirement of parental consent must be strictly construed so as to protect the right of natural parents to raise and nurture their children." *In re Schoeppner*, 46 Ohio St.2d 21, 24, 345 N.E.2d 608 (1976).

{¶14} R.C. 3107.07 governs whether parental consent to adopt is required. In the case at hand it was alleged that parental consent of the natural mother, Appellant, was not required based on R.C. 3107.07(A). That subsection states parental consent is not required if the parent either failed to communicate with or failed to support the child for a minimum of one year preceding the filing of the adoption petition and there was no justifiable cause for the failure. R.C. 3107.07(A). It is Appellee's burden to prove by clear and convincing evidence both of those elements; petitioner must prove by clear and convincing evidence that the natural parent has failed to support the child for the requisite one-year period, and this failure was without justifiable cause. *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, ¶ 17 quoting *In re Adoption of Bovett*, 33 Ohio St.3d 102, 515 N.E.2d 919 (1987), paragraph one of the syllabus, following *Masa*, 23 Ohio St.3d 163.

{¶15} The probate court undertakes a two-step analysis in determining whether the petitioner met his or her burden under R.C. 3107.07(A). *In re Adoption of M.B.* at ¶ 23. First, if dealing with support, the court must determine if a parent made a "financial contribution that comports with the requirements of R.C. 3107.07(A) to contribute maintenance and support." *Id.* Second, if it finds a failure of support, it must "determine whether justifiable cause for the failure has been proved by clear and convincing evidence." *Id.*

{¶16} The Ohio Supreme Court has held, "it is a question of fact whether a parent of a minor has willfully failed to provide for the maintenance and support of a minor child." *Id.* at ¶ 21. A probate court's judgment on the issues will "not be tampered with absent an abuse of discretion." *Id.* Furthermore, "[t]he question of whether justifiable cause for failure to pay child support has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." *Id.* at ¶ 24 quoting *In re Adoption of Masa*, 23 Ohio St.3d 163, at paragraph two of the syllabus and citing *In re Adoption of Bovett*, 33 Ohio

St.3d 102. A reviewing court will usually affirm the judgment of the probate court in adoption proceedings as long as the record contains some competent and credible evidence supporting the probate court's findings. *In re Adoptions of Groh*, 153 Ohio App.3d 414, 2003-Ohio-3087, ¶ 31. *See C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

**{¶17}** This first assignment of error deals with providing maintenance and support. Maintenance and support are not defined in R.C. 3107.07(A). *In re Adoption of M.B.*, 2012-Ohio-236 at ¶ 20. Therefore, we give them their ordinary meaning. Maintenance is defined as "[f]inancial support given by one person to another." *Id.* citing Black's Law Dictionary 1039 (9th Ed.2009). Support is defined as "[s]ustenance or maintenance; esp., articles such as food and clothing that allow one to live in the degree of comfort to which one is accustomed." *In re Adoption of M.B.* at ¶ 20 citing Black's Law Dictionary 1577 (9th Ed.2009).

**{¶18}** R.C. 3107.07(A) requires maintenance and support as "required by law or judicial decree." De minimis monetary gifts from a biological parent to a minor child have been found to not constitute maintenance and support, because they are not payments as required by law or judicial decree. *In re Adoption of M.B.* at ¶ 20.

**{¶19}** Appellant admits she did not pay child support and that she did not offer any in-kind monetary gifts. She acknowledges that within the applicable time frame she did not purchase any school supplies or clothes for the children. Nor did she give them any gifts for birthdays or holidays. Tr. 40, 45, 48. Thus, the issue before us is not whether she failed to provide support and maintenance, but rather was her failure justified. She claims her failure to provide maintenance and support was justified because the Harrison County Common Pleas Court, which presided over the custody issues, specifically indicated she was not required to pay child support.

**{¶20}** Although the Belmont County Probate Court acknowledged there was no support order, it still found Appellant failed, without justifiable cause, to provide for the maintenance and support of the minor children. It reached this conclusion because no support was paid and because gifts, monies, presents or financial support was not provided, "regardless of the child support order." 10/29/15 J.E.

**{¶21}** Appellee contends this determination was correct and cites to a decision from our court, *In re Adoption of M.S. and J.S.*, 7th Dist. No. 11BE14,

11BE15, 2011-Ohio-6403, for the proposition that a party is not relieved from her duty to support her children simply because no child support is ordered.

**{¶22}** In analyzing the issue, our prior decision is addressed first. *In re Adoption of M.S. and J.S.* does not stand for the proposition Appellee contends. In that case, four years prior to the filing of the petition, the biological parents reached an agreement that was memorialized by the Juvenile Court. *Id.* at ¶ 2. They agreed biological father would relinquish his parental rights and responsibilities, pay mother $500, and cooperate in having the children's last name changed to their biological mother's maiden name. *Id.* In return mother relinquished her right to prior arrearages and her right to a child support order. *Id.* The parties agreed the court retained jurisdiction over the issues of parenting time, child support, and related issues. *Id.* Step-father filed an adoption petition alleging biological father's consent was not needed because biological father failed, without justifiable cause, to communicate with the children and to provide support and maintenance. *Id.* at ¶ 3. Biological father was notified of the petition and hearing, but did not appear at the hearing. *Id.* at ¶ 4. Following testimony and evidence, the probate court found that biological father failed, without justifiable cause, to provide support and maintenance or to contact the children for at least one year prior to the filing the petition. *Id.* at ¶ 7.

**{¶23}** Biological father appealed and argued there was justifiable cause for his failure to communicate and his failure to provide support and maintenance. Our analysis concerned solely the failure to communicate, and we found the probate court's determination that there was not justifiable cause for the failure to communicate was supported by clear and convincing evidence. *Id.* at ¶ 15-20. We did not address the failure to provide support or maintenance. *Id.* We specifically stated, "Since the existence of either an unjustified failure to communicate or failure to support allows a probate court to act without that parent's permission, we need not address the father's alternative argument concerning his failure to support his children." *Id.* at ¶ 20. Therefore, our opinion does not address whether a no support order is justifiable cause for failure to provide support and maintenance.

**{¶24}** Potentially, Appellee is trying to equate our holding on communication to support and maintenance. Regarding communication, we found that a court order does not provide justifiable cause for the failure to communicate unless it specifies

there is to be no contact. *Id.* at ¶ 18. In *In re Adoption of M.S. and J.S.* there was not justifiable cause for the failure to communicate because, in addition to other factors, the order was not a no contact order. *Id.* at ¶ 17-18.

**{¶25}** If we apply our holding regarding a no contact order to the case at hand, it does not help Appellee's cause. The March 2014 reallocation order indicates Father and Appellant requested that no child support be awarded. 3/10/14 J.E. (Harrison County). The trial court determined the amount was fair, appropriate and in the best interest of the children. 3/10/14 J.E. (Harrison County). That support order was not modified in any subsequent order and remains in effect. A no contact order would be equivalent to a no child support order, and therefore, there would be justifiable cause for the failure to provide support or maintenance.

**{¶26}** This conclusion is supported by decisions from our sister districts. *In re Adoption of K.A.H.*, 10th Dist. No. 14AP-831, 2015-Ohio-1971, ¶ 15-23 (zero support order constitutes justifiable cause for providing no support and maintenance); *In re Adoption of Collene*, 3d Dist. No. 3-08-08, 2008-Ohio-5827, ¶ 13-16, 20 (same); *In re Adoption of W.K.M.,* 166 Ohio App.3d 684, 2006-Ohio-2326, ¶ 9 (2d Dist.); *In re Way*, 4th Dist. No. 01CA23, 2002-Ohio-117 (same); *In re Adoption of Stephens*, 2d Dist. No. 18956, 2001 WL 1636284 (Dec. 21, 2001) (same); *In re Adoption of Thiel*, 3d Dist. No. 6-98-12, 1999 WL 152902 (Feb. 23, 1999) (same); *In the Matter of Adoption of Jarvis*, 9th Dist. No. 17761, 1996 WL 724748 (Dec. 11, 1996) (same).

**{¶27}** In looking at the issue of whether a zero support order or a no support order provides justifiable cause to not provide support or maintenance, the common argument made by the party claiming it does not provide justifiable cause is that the biological parent still owes a common law and statutory (R.C. 3103.03(A)) duty of support. *In re Adoption of K.A.H.* at ¶ 15, 17. In rejecting that assertion, appellate courts have acknowledged Ohio recognizes that a biological parent's duty to support his or her children is a principle of natural law that is fundamental in our society and that duty is not impaired by the termination of marriage. *Id.* at ¶ 16; *In re Way* ("There is no question that parents have a duty to support their children."). Also recognized is R.C. 3103.03(A) mandates that "The biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor." *In re Adoption of K.A.H.* at ¶ 17. However, in divorce cases, the

parents' obligation to support a minor child is governed by the domestic relations child support statute, R.C. 3109.05. *In re Adoption of K.A.H.* at ¶ 18 referencing *Meyer v. Meyer*, 17 Ohio St.3d 222, 224, 478 N.E.2d 806 (1985); *In re Adoption of Collene* at ¶ 13; *In re Way* referencing *Meyer*; *In re Adoption of Thiel*.

{¶28} "Where a domestic relations court has reviewed the facts and determined that no support is due from one of the parents, that is an applicable judicial order for the purposes of R.C. 3107.07 until it is modified." *In re Adoption of K.A.H.* at ¶ 21 quoting, *In re Adoption of Thiel*, 3d Dist. No. 6–98–12; *In re Adoption of W.K.M.,* 2006-Ohio-2326, at ¶ 9 (common law duty of support incorporated into domestic relations decree). To additionally compel the application of the common law or a statutory duty under R.C. 3103.03 "when there is already a valid judicial order in existence would be to incorrectly interpret R.C. 3107.07 to mean: 'as required by law *in addition to* a judicial decree where a domestic relations court has determined that child support should be not set.'" *In re Adoption of K.A.H.* at ¶ 21, quoting *In re Adoption of Jarvis*, 9th Dist. No. 17761. That is an expansive interpretation appellate courts have declined to apply. *In re Adoption of K.A.H.*; *In re Adoption of Jarvis*.

{¶29} Thus, a party receiving a no support or zero support order is relieved of his or her obligation to provide support of any kind. *In re Adoption of K.A.H.*, 2015-Ohio-1971 at ¶ 20; *In re Adoption of W.K.M.,* 2006-Ohio-2326, at ¶ 9 (common law duty incorporated into domestic relations decree); *In re Way*, 2002-Ohio-117 (Appellant could reasonably assume she was relieved of obligation to support of any kind. "If this was not the case and if appellant did risk the loss of her parental rights by complying with that order, we believe that notions of fundamental fairness require that appellant be provided notice to that effect.").

{¶30} It is noted that a zero support or no support order differs from the absence of a support order. When a court is silent on support or has not entered an order regarding support, that fact alone does not constitute justifiable cause for failing to provide support and maintenance. *In re Adoption of S.L.N*, 4th Dist. No. 07CA3189, 2008-Ohio-2996, ¶ 33 (court's order was silent, it did not expressly relieve party of support); *In re Caudill*, 4th Dist. No. 05CA4, 2005-Ohio-3927, ¶ 23-25 (lack of support order does not alone constitute justifiable cause for failure to provide

support); *In re Adoption of Moore*, 5th Dist. No. 03CA74, 2004-Ohio-2802, ¶ 8-9 (absence of a support order); *In re Placement for Adoption Of C.E.T*, 2d Dist. No. 19566, 2003-Ohio-3783, ¶ 11 (support had yet to be adjudicated and thus was controlled by common law duty); *In re Adoption of Kuhlmann*, 99 Ohio App.3d 44, 649 N.E.2d 1279 (1st Dist.1994) (absence of court order and claimed ignorance of the law to support).

**{¶31}** Considering all the above, a zero support order or a no support order constitutes justifiable cause for failing to provide support and maintenance, including non-monetary assistance. We conclude that the probate court's decision that the no support order did not provide justifiable cause for the failure to provide support and maintenance was incorrect.

**{¶32}** That said, the no support order did not relieve her of all obligations of support and maintenance. In the March 2014 Reallocation Judgment Entry, the Harrison County Common Pleas Court ordered Father to maintain the health insurance on the children, but ordered the non-covered medical expenses split. 3/10/14 J.E. (Harrison County). Father was instructed to pay 60% and Appellant was instructed to pay 40%. 3/10/14 J.E. (Harrison County). That order was not modified in any subsequent order.

**{¶33}** Appellant may be of the opinion that the zero support order relieves her of her obligation to pay the non-covered medical expenses. That opinion is incorrect. The zero support order did not apply to non-covered medical expenses; the trial court specifically ordered her to pay 40% of the non-covered medical expenses. As stated above, maintenance and support are not defined in R.C. 3107.07(A) and thus, we must apply the general definition. *In re Adoption of M.B.* at ¶ 20. Non-covered medical expenses would fall under the general definition of either support or maintenance. Therefore, since there is a specific non-covered medical expense order, the zero support order would not constitute justifiable cause for failing to pay non-covered medical expenses.

**{¶34}** That conclusion, however, does not mean there was not justifiable cause for failing to pay non-covered medical expenses. There could be many reasons why the failure to pay non-covered medical expenses would be justified. For instance, there is a line of cases that have held, "a natural parent is not obligated to

provide support where the person in custody of the child is advised of the parent's financial condition and expresses no interest in receiving financial assistance." *In re Adoption of M.G.*, 3d Dist. No. 17-15-05, 2015-Ohio-5185, ¶ 4, quoting *In re J.A.B.*, 11th Dist. No.2013–T–0114, 2014–Ohio–1375, ¶ 44, quoting *In re Adoption of Hadley*, 2d Dist. No. 90 CA 117, 1991 WL 227737. See also *In re Adoption of LaValley*, 2d Dist. No. 17710, 1999 WL 961785 (July 9, 1999).

**{¶35}** That line of cases, however, is inapplicable in this situation. Here, there is a clear indication Appellant and Father agreed Appellant would not pay child support. Yet, there is no evidence to indicate the parties agreed Appellant did not have to pay non-covered medical expenses.

**{¶36}** The evidence, in this instance, indicated Appellant knew her son has asthma and allergies. Tr. 41-42. She was aware that the asthma requires medication and a breathing machine, and the allergies require on-going visits to the doctor. Tr. 41-42. She testified she knew there were expenses associated with the child's conditions. Tr. 41-42. Appellee also testified about the medical expenses and indicated that within the applicable one year period there were non-covered medical expenses for both children. Tr. 34-35.

**{¶37}** Although Appellant was aware there were non-covered medical expenses within the applicable period, the evidence indicated Appellant was not asked for reimbursement. Appellant was asked if Appellee, Father or anyone in the household asked her for reimbursement for the children's medical bills. Tr. 48. She indicated they did not. Tr. 48. She was then asked if she ever received a certified letter indicating her share of the medical bills. Tr. 48-49. She stated she did not. Tr. 49. Lastly, she was asked if she knew if there were any outstanding medical bills. Tr. 49. She avowed she did not. Tr. 49. Appellee testified that she did not request reimbursement for non-covered medical expenses from Appellant. Tr. 36. She was not aware of whether Father asked Appellant for reimbursement. Father did not offer any testimony regarding non-covered medical expenses.

**{¶38}** Failing to request reimbursement or to submit bills to Appellant for her to pay non-covered medical expenses may constitute justifiable cause for failing to pay the non-covered medical expenses. One court has stated when there is a zero support order and there is no submission of medical bills or oral request for

reimbursement, there is justifiable cause for failing to provide support and maintenance. *In re Adoption of Collene*, 2008-Ohio-5827, ¶ 18- 20. Likewise, when a biological parent attempts to provide the children with medical coverage and makes payments toward their living expenses and those efforts are spurned, there is justifiable cause for the failure to provide support. *In re Adoption of Lawrence Stojkov*, 11th Dist. No. 2002-T-0151, 2003-Ohio-705, ¶ 15.

{¶39} Another court has stated when there is an absence of a support order, financial ability to provide support, knowledge of where to send money, and no indication that offers of support were spurned, there was no justifiable cause for failing to support. *In re Caudill*, 2005-Ohio-3927, ¶ 25. In that case, there is no specific discussion of medical expenses or submission of bills. However, the language of the opinion insinuates it is the party seeking to provide support and maintenance that is supposed to send money or offer to pay without receiving a bill or having a request to do so.

{¶40} In the case sub judice, we do not have a situation where Father and Appellee are spurning Appellant's attempts to provide support and maintenance. Appellant, Father and Appellee all testified that Appellant was permitted to give and/or send gifts to the children. Appellee and Father did nothing to prevent Appellant from giving the children money or gifts. Consequently, it could be concluded that nothing prevented Appellant from asking Appellee or Father what she owed for non-covered medical expenses. That said, the evidence failed to establish that Father or Appellee asked Appellant to pay for non-covered medical expenses. Thus, there was no expressed defiance on Appellant's part to pay for the non-covered medical expenses.

{¶41} This whole issue of justifiable cause comes down to whose obligation was it to question or notify the other party of non-covered medical expenses. Was the Father required to submit a bill to Appellant for her 40% of non-covered medical expenses? If so, there was justifiable cause for failing to pay her portion. The testimony at the hearing failed to show she received any bill; no one testified she was notified of the bills. Or was Appellant, who knew there were some non-covered medical expenses given son's asthma and allergies, required to ask Father or

Appellee if there were any non-covered medical expenses for which she needed to reimburse them? If it was, there was not justifiable cause in this situation.

**{¶42}** The March 10, 2014 Reallocation Judgment Entry does not address whose obligation it is; it is silent on the matter. No judgment entry in the record before us indicates the obligation of either party in this matter. The logical resolution of this issue is that the party who receives the bill should submit it to the other party for reimbursement. In this case, the obligation belongs to Appellee and Father because they are the party taking the children to the doctor and receiving the bill. Failing to submit bills to or request reimbursement from Appellant establishes justifiable cause for her failure to pay her percentage of non-covered medical expenses.

**{¶43}** Consequently, given all the above, the probate court's decision that Appellant failed, without justifiable cause, to provide for the support and maintenance of the children for a period of at least one year immediately preceding the filing of the adoption petition was against the manifest weight of the evidence and is reversed. The zero support order provided justifiable cause for failing to provide support or maintenance of any kind, except for the non-covered medical expenses. Likewise, there was justifiable cause to not pay non-covered medical expenses because Father and Appellee did not submit the medical bills to Appellant or notify her of her portion to pay.

<u>Second Assignment of Error</u>

"The trial court erred in finding that the respondent failed without justifiable cause to prove more than de minimus [sic] contact with the minor children for a period of at least one year immediately preceding the filing of the petition for adoption, thus finding that the consent of the respondent was not necessary."

**{¶44}** The probate court found Appellant failed, without justifiable cause, to provide more than de minimis contact with the minor children for at least one year preceding the filing of the adoption petition. In holding as such, the probate court acknowledged the adoption petitions did not indicate consent was not necessary because of a lack of contact. However, it still concluded that since testimony and evidence submitted to the court at the hearing was not objected to, it was permitted to make a no contact finding if the evidence supported such a finding. It found that

the evidence did; "The Court further finds that the respondent [Appellant] had no contact with the minor children, but for one incidental contact when the children were visiting a family member." 10/29/15 J.E.

**{¶45}** Appellant contends she did object to the contact testimony and in many instances the probate court sustained her objections. Thus, she asserts the probate court erred when it made a ruling on contact. Appellant further contends the probate court's decision was against the manifest weight of the evidence because the evidence established she saw the children during the applicable one year period.

**{¶46}** Appellee admits the petitions did not indicate she was seeking a finding that consent was not needed based on no contact. However, she contends that although Appellant did object to contact testimony at times, Appellant also introduced testimony and evidence of contact. It appears Appellee is either asserting Appellant waived any objection to the probate court deciding the contact issue or acquiesced to a decision on contact. Appellee further asserts the probate court's contact decision was not against the manifest weight of the evidence.

**{¶47}** Given the arguments presented, the first question we must decide is whether the probate court was permitted to render a ruling on contact. R.C. 3107.07(A) provides:

> Consent to adoption is not required of any of the following:

> (A) A parent of a minor, *when it is alleged in the adoption petition* and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

Emphasis added. R.C. 3107.07(A).

**{¶48}** It has been found that R.C. 3107.07(A) requires notice as to why the consent of the birth parent is not necessary. See *In re Adoption of S.J.M.H.*, 1st Dist. No. C-130683, 2014-Ohio-3565, ¶ 19 (indicating R.C. 3107.07 and 3107.11, the

statute on notice of the hearing, provide the parent whose consent is alleged to be not necessary is entitled to notice of the filing of the petition for adoption, the date and time of the hearing set on the petition for adoption, and notice as to why the consent of the birth parent is not necessary). Given the language of R.C. 3107.07(A), especially the emphasized portion – "when it is alleged in the adoption petition" – that holding appears to be correct.

{¶49} Furthermore, it is noted, "[b]asic procedural due process requires that, in order for a person to forfeit his rights, he must be on notice that his rights are in jeopardy. This is especially so where parental rights are involved." *In re Adoption of Sunderhaus*, 63 Ohio St.3d 127, 132, 585 N.E.2d 418 (1992). *See also In re Walters*, 5th Dist. No. 2005-CA-65, 2006-Ohio-631, ¶ 11 ("Due process of law requires adequate notice and an opportunity to be heard before parental rights are terminated."). Ohio's adoption statutes are in derogation of the common law, and thus, strict compliance with the statutes is necessary to protect the fundamental rights of natural parents. *In re Adoption of Baby Girl E.*, 10th Dist. No. 04AP932, 2005-Ohio-3565, ¶ 24, citing *Lemley v. Kaiser*, 6 Ohio St.3d 258, 452 N.E.2d 1304 (1983).

{¶50} Consequently, Appellant was entitled to notice that Appellee was seeking an order that no consent was needed because Appellant failed, without justifiable cause, to provide more than de minimis contact with the children. It is fundamentally unfair for an adoption petition and hearing to proceed on a claim when the parent whose consent is claimed to not be needed is not given prior notice of the claim. That parent would be unable to prepare a defense to the claim. For instance, if the hearing proceeds on the matter of contact and the nonconsenting parent is not given prior notice of that claim, the nonconsenting parent would not have cell phone records or other specific evidence of dates when contact occurred or evidence as to why no contact was justified. Thus, R.C. 3107.07(A) and basic principles of due process are violated when a nonconsenting parent does not receive notice as to why his or her consent is not needed prior to the hearing.

{¶51} In this situation there was no notice. Therefore, the probate court should not have issued a ruling on the contact claim.

**{¶52}** That said, it is alleged that Appellant, the nonconsenting parent, waived notice of the claim because she allegedly did not object to contact testimony. Consequently, this court must determine whether Appellant preserved the error.

**{¶53}** The transcript of the hearing demonstrates that there were numerous instances where Appellant objected to contact testimony:

[Testimony of Father] Q:  Okay, now during that process do you recall any order that says [Appellant] could not contact your children by mail, email, Facebook or phone?

MS. CORABI [Attorney for Appellant]:  You know I'm going to object your Honor, I think we're here because of the support issue is the only thing he checked.

THE COURT:  Sustained.

MR. SHAHEEN [Attorney for Appellee]:  Have you ever in anyway prohibited [Appellant] from contacting your children?

MS. CORABI:  Objection your Honor.

MR. SHAHEEN:  Well I'm trying to talk about how she might deliver support that my client would interfered with.

THE COURT:  Overruled.

* * *

MR. SHAHEEN: Is it true that [Appellant] had been in and out of jail, half a dozen times, three or four times?

MS. CORABI:  I'm going to object to the child support issue your Honor.

MR. SHAHEEN:  The ability to pay.

THE COURT: Overruled, yes.

* * *

[Testimony of Appellant] Q: Now we get to December 2014, and it says again that you can establish visits but you need to complete drug and alcohol evaluation.

MS. CORABI: I'm going to objection, your Honor, how is this dealing with support?

THE COURT: Overruled.

MR. SHAHEEN: A review of this order says, page one says that you don't have any (inaudible) previously ordered parenting time but you would have contact with client, right?

A: Yes.

Q: At his discretion, (inaudible) times and dates, right?

A: Yes.

Q: So you're not prohibited from having visits you just have to go through him.

A: Yes.

Q: Did you ever do that?

A: No.

MS. CORABI: Objection your Honor it doesn't have to do with support. He's talking about visits at this point.

THE COURT: Overruled.

* * *

Q: And any visits in "14" would have been at your parent's house cause that would have been pursuant to supervision order, right?

A: Yes, yes.

Q: But you deny that it was just once before you went to jail and once after you went to jail? You don't have to look at her I'm asking the questions.

A: I don't understand your question.

Q: Okay, you admit to me that

MS. CORABI: Can I object again your Honor. I just don't know what this has to do with child support.

THE COURT: Very little I agree.

MR. SHAHEEN: Well if she is going to tell me, just for clarification, if she's going to tell they went to her house eight time [sic] in "14" and she prepared this meal and pack their school lunch, I want to know.

THE COURT: And opportunity to give gifts and present [sic] and whatever I understand.

Tr. 8, 23, 52-53, 53-54.

{¶54} This quoted dialog demonstrates Appellant objected to questions that solely concerned contact. This dialog also indicates the question of support, as presented by Appellee, overlapped the question of contact. In attempt to show that neither Father nor Appellee thwarted attempts to support the children, the witnesses – Appellant, Father and Appellee – were asked whether Appellee or Father prevented or did not let the children receive messages or gifts or contact from Appellant.

{¶55} There were instances where Appellant did not object to contact questions and where Appellant asked witnesses about contact. Tr. 27 (direct of Appellee no objection); 32 (Appellant's cross of Appellee); 35 (redirect of Appellee no objection); 45-48 (Appellant direct); 51-52 (Appellant cross no objection). However in all these instances the contact questions went to the element of support. They were either asked to demonstrate the Father and Appellee did not prevent support and

contact in any manner, or to show that the contact encompassed support by providing food and shelter.

**{¶56}** Furthermore, the probate court's ruling on the first objection concerning contact, which is quoted above, indicates that as long as the question somehow concerned support it was permitted. Tr. 8. The probate court's later rulings on objections also support that conclusion. Moreover, at the end of the hearing the probate court stated, "This is an issue of support." Tr. 58. Thus, the probate court's own statement appears to be an indication that the hearing only concerned support.

**{¶57}** Consequently, for all the above stated reasons, this assignment of error has merit. Basic principles of due process and R.C. 3107.07(A) required Appellant to receive notice that Appellee was seeking an order that no consent was needed because Appellant failed, without justifiable cause, to have more than de minimis contact with the children for a period of at least one year immediately preceding the filing of the adoption petitions. Appellant did not waive notice of contact and/or acquiesce to a ruling on contact. Thus, given the facts of this case, the probate court erred in rendering a ruling on contact.

<u>Conclusion</u>

**{¶58}** Both assignments of error have merit. The probate court's decision that no consent is needed for the adoption is reversed and vacated.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.